The Pennsylvania Company *v.* Roney, Administratrix.

### No. 9315.

THE PENNSYLVANIA COMPANY *v.* RONEY, ADMINISTRATRIX.

SUPREME COURT.—*Complaint.*—Unless a complaint has been attacked by a proper proceeding below or by error assigned, the Supreme Court will not consider as to its sufficiency.

SAME.—*Judgment non Obstante Veredicto.*—When there has been no motion below for judgment, notwithstanding the general verdict, no question as to the right thereto can arise in the Supreme Court.

SAME.—*Instructions.*—Instructions given at the request of a party can not be questioned by him in the Supreme Court.

RAILROADS.—*Liability for Negligence of Fellow Servants.*—A railroad company which carelessly employs incompetent servants is liable to another servant injured by such incompetency, unless it is shown that he had notice of such incompetency.

SAME.—*Contributory Negligence.*—An engineer of a passenger train might have jumped from his engine when he saw the danger and thus probably have avoided much danger, but to save his passengers he remained at his post and lost his life.

*Held,* that he was guilty of no contributory negligence which would release or lessen the employer's liability.

SAME.—The orders of a proper superior, and customary obedience thereto, inconsistent with general printed rules for his government, which have been furnished to a locomotive engineer, may be obeyed without constituting contributory negligence.

From the Superior Court of Allen County.

*J. Brackinridge* and *J. R. Carey,* for appellant.

*L. M. Ninde,* for appellee.

ELLIOTT, J.—Neither by the assignment of errors here, nor by any proceeding in the court below, is the complaint attacked, and, therefore, no question of its sufficiency is presented.

No motion was made in the court below for judgment notwithstanding the general verdict, and no question of the right to such a judgment can arise on appeal.

Instruction number three, which appellant criticises, was given, as the record shows, on its own motion, and it can not complain. A party who asks and secures an erroneous instruction is not in a situation to make complaint. We do not say

that the instruction was erroneous—we decline to examine it —but if it was the appellant can not make the error available.

The only question which is presented for our consideration is whether the verdict is sustained by the evidence.

John Roney, appellee's intestate, was an engineer in appellant's employ, in charge of a fast passenger train, on its way from Chicago to Fort Wayne; the train was, for some cause not disclosed by the evidence, behind time; it was near Valparaiso at about half-past ten o'clock on the morning of March 1st, 1879, running at a rapid rate; it entered an open switch wrongfully and carelessly left open by the engineer and train men of another train; at the time Roney's engine approached the switch, he was leaning over the engine box looking ahead of him, "as," to use the language of an experienced engineer, "any other engineer would want to look coming into the yard;" the fireman, seeing the danger, jumped from the engine, but Roney stood to his post; his engine came in collision with another train standing on the switch, and he lost his life; Roney had been supplied with a book of rules, one of which required engineers to decrease the rate of speed to ten miles per hour in approaching points where other trains were to be met or passed; another rule required that the trains should be run on schedule time, but provided that if behind time the speed might be moderately increased; the train under Roney's charge had a right to the road, and it was the duty of others to keep the track clear; the time fixed by the schedule was such that the rule as to the speed of the train could not have been obeyed and the schedule time made; the principal officers of the company had frequently passed through Valparaiso, and knew that trains were habitually run at a greater rate of speed than that prescribed by the printed general rules; the condition of the switch could not have been seen as it was approached, and persons much nearer than Roney did not notice that it was open. There is evidence showing that the servants in charge of the train that had entered the switch, and whose duty it was to make it safe,

were not competent to discharge the duties assigned them, and that the appellant did not use ordinary care in selecting them, and had notice of their incompetency.

It is contended that Roney was guilty of contributory negligence, and we shall first consider this question

We agree with counsel that the doctrine of comparative negligence is unsound. We have no doubt that the rule is that in actions to recover for injuries caused by negligence, the contributory negligence of the plaintiff will defeat the action, although it is much less in degree than that of the defendant; but to constitute contributory negligence there must not only be want of care, but such want of care must have proximately contributed to the injury.

It is the duty of an engineer to obey the rules prescribed by his employer, unless they are abrogated by the employer, or obedience is made impossible by the master's act. If an engineer wilfully or negligently disregards the rules laid down for his guidance, he can not recover for an injury received although other servants of the master may have been more negligent than he; but this result will not follow if the rules have been annulled by the master, or compliance with them rendered impossible. Where the orders given to an engineer by the governing or superior officers of the company require him to run in a different manner from that prescribed in the rules, and other trains of the class of that placed in his charge are so run with the knowledge and by direction of the governing officers, then negligence can not be imputed to the engineer although he does not follow the general rules. In this instance there was evidence fully justifying the jury in finding that the orders embodied in the schedule, in the directions of the appellant's officers, and involved in the usual practice of the company, annulled and rendered ineffective its general rules.

An engineer who remains at his post and faces danger is not to be deemed negligent. An engineer in charge of a train laden with men, women and children, is not bound to leap from

his engine to escape impending danger. If he believes his duty requires him to do what he can to save those under his charge, and he braves death in the discharge of that duty, the law has for him no censure, but has, on the contrary, high commendation and respect. It is no evidence of negligence that John Roney did not leap, as did his fireman, but, instead of deserting his post, went to his death in the discharge of a duty which his position cast upon him.

John Roney was not guilty of negligence in not seeing the condition of the switch. While, under the rules of the company, it was his duty to exercise great care and vigilance, he was not chargeable with negligence because he did not see what men could not have seen. It is abundantly proved that the construction of the switch and the intervening obstacles were such as to have prevented him from observing the misplacement of the rails. In addition to this he knew he was entitled to a clear track, and he had no reason to suppose that it had been made dangerous by the culpable negligence of others.

No rule of law requires that one employee, who has neither knowledge nor information putting him on enquiry, shall take notice of the competency of those employed by the common master. It is not incumbent upon one suing for injuries received from the negligence of an incompetent fellow servant to prove that he had no knowledge of such incompetency. It may be true that where a negative fact is essential to a recovery it must be proved, but such a fact as the want of capacity of fellow servants constitutes no essential ingredient of the cause of action in such a case as this.

We are well satisfied that the evidence shows that appellee's intestate was not guilty of contributory negligence.

There is evidence showing, and strongly showing, negligence on the part of appellant. That the servants whose duty it was to close the switch were negligent, there is no doubt, and that they were incompetent and ought not to have been placed in positions given them, is fairly established. It

is firmly settled that an employer is liable to his servants for injuries caused by the negligence of co-servants in cases where the co-servants are incompetent, and ordinary care has not been exercised in selecting them. Pierce Railroads, 374; *Chicago, etc., R. W. Co.* v. *Harney*, 28 Ind. 28; *Rogers* v. *Overton*, 87 Ind. 410. There is evidence fairly warranting the inference that there was want of ordinary care in employing or in retaining the servants whose culpable negligence was the proximate cause of John Roney's death.

Judgment affirmed.