## BAKER *v.* POWELL, ET AL.

[No. 18,423. Filed October 26, 1953.]

*Randolph H. Mayes,* of Terre Haute, for appellant.

*Robert H. Duffy,* of Terre Haute, for appellees.

ACHOR, P. J.—This case involves a proceedings supplemental to execution. Appellant filed a motion to dismiss appellees' amended complaint, which motion was overruled. Following trial by the court, an order to withhold from appellant's income was entered.

There is serious question as to whether or not the facts set forth in appellant's motion are in evidence. Nevertheless we will decide the case on its merits as presented by the parties in their briefs.

The errors assigned and presented in this appeal are (1) the overruling of appellant's motion to dismiss and (2) the overruling of appellant's motion for new trial.

Appellees' amended complaint was filed under §2-4401, Burns' 1946 Replacement. It alleged (a) the fact of the judgment, and (b) the issuance of an execution in the county of the debtor's residence; (c) the return of an execution unsatisfied and (d) that the judgment is unpaid. In his motion to dismiss, appellant states that, pending the proceedings and prior to the filing of appellees' amended complaint, appellees caused another execution to issue, which remained outstanding.

Appellant urges that the existence of the second and outstanding execution nullified appellees' right to recourse under §2-4401, *supra*. Appellant correctly states that, under §2-4404, the issue could only be raised by "motion to dismiss or strike out the same;" that a plea in abatement, by which the issue would ordinarily be raised, is not available in these proceedings. However, we do not believe that §2-4401, *supra,* is to be subjected to the strict construction which appellant asks. In this regard the statute provides:

> "When an execution against the property of the judgment debtor or any of several debtors . . . is returned unsatisfied, . . . the judgment creditor, . . . shall be entitled to an order, . . . requiring the judgment debtor to appear . . . to answer concerning his property or income or profits . . ."

This statute being remedial, it is to be liberally construed in favor of its obvious purpose, namely, the satisfaction of judgments from property of judgment debtors, which property is not exempt from execution. However, if strictly construed, we still have before us the fact of an execution returned unsatisfied, as pro-

vided by §2-4401, *supra*. The fact that pending this proceedings, and immediately prior to the filing of appellees' amended complaint, a second execution was issued, would not, under any provision of the statute, express or implied, preclude appellees' right to recourse under this section of the act. We conclude, therefore, that there was no error in the overruling of appellant's motion to dismiss.

Appellant's second contention is that the judgment rendered was outside both the theory of appellees' complaint, as determined by the allegations of the complaint, and the relief prayed, and also outside the relief provided by §2-4401, *supra*. It is so well settled as hardly to require citation of authority that appellee must recover, if at all, on the allegations and theory of the complaint. *Terre Haute Electric Company* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *New York Central R. Co.* v. *Powell* (1943), 221 Ind. 321, 47 N. E. 2d 615. It is a fact that appellees' complaint asked for no particular relief, and that the only relief provided under §2-4401, *supra,* is that the judgment creditor, "shall be entitled to an order, . . . requiring the judgment debtor to appear . . . to answer concerning his property or income or profits . . ."

The decree to which appellant takes exception is as follows:

"The Court further finds that the defendant is self employed as a real-estate broker and as an insurance salesman and that his earnings vary from week to week. The Court further finds that the defendant received rental each month in the sum of Fifty Dollars ($50.00) from one Thelma Rich.

"AND IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this judgment shall be a lien and a continuing lien on 10% of all

money or other things of value received or to be received by defendant in excess of $15.00 per week. And the defendant is ordered to pay to the Clerk of the Sullivan Circuit Court to be applied on the judgment herein 10% of all gross receipts in excess of $15.00 per week on Monday of each week until said judgment and costs are paid in full. It is further ordered that the defendant is forbidden to transfer title or custody of any property or chose in action without the express consent of this Court until said judgment is fully satisfied."

It is appellant's contention that, in the absence of any prayer for additional relief which might have invoked the application of the act, the relief available to appellee was limited to a mere finding concerning the "property, profits and income" of the judgment debtor, as provided by §2-4401, *supra*. That the judgment, granting affirmative relief in the case, was outside the issues and therefore contrary to law. Were this an ordinary civil action, there might be merit to appellant's contention. However, this is merely a summary action, not governed by ordinary rules of civil procedure, but governed by a special statute. Section 2-4406 of the statute expressly provides:

"Upon the hearing, the judge of the court may order any property, income or profits, of the judgment debtor, not exempt from execution, in the hands either of himself or of any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers or (of) property and choses in action; and the judge may order that the judgment or execution shall be a continuing lien upon the income or profits of the judgment debtor in the hands either of himself or any other person, governmental officer or corporation from the date such order is served upon the person, governmental officer or corporation indebted to the judgment debtor to the extent that such income or profits are not exempted by law: Provided, Such lien shall not

exceed ten (10) per centum of such income or profits and shall not, when added to all similar liens prior thereto, increase the total of all of such liens to a percentage greater than ten (10) per centum of the income and profits of the judgment debtor; and such judge or court shall have full power to enforce all orders and decrees in the premises, by attachment or otherwise."

However, the opinion expressed in the case of *Mitchell* v. *Godsey* (1944), 222 Ind. 527, 541, 542, 53 N. E. 2d 150, seems to nullify appellant's position. In that case,

". . . The appellant apparently contends that the 'hearing' mentioned in §4 (Acts 1937, ch. 84) is only a hearing in a proceeding based on §2 or §3; that in a proceeding under §1 the judgment creditor may procure knowledge as to the defendant's property and income but that the court can make no order relative to such property and income until a proceeding is brought and a hearing had under §2 or §3. We can see no valid reason for such an interpretation of this section of the statute. *The statutes provides for a hearing in the proceedings authorized by each of the first three sections. Section 4 states that upon 'the hearing' the court may make an order for the application of defendant's property or income toward the satisfaction of the judgment.* No valid reason is suggested for limiting the application of §4 to two out of the three preceding sections. . . ."

We conclude that so long as a judgment creditor proceeds by proper allegations under one or all of the first three sections of the statute, thereafter "the court may make an order for the application of defendant's property or income toward the satisfaction of the judgment" within the limits of the act.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 2d 894.