LAWSON ET AL. *v.* WEBSTER.

[No. 19,458.   Filed May 2, 1962.]

*Mark H. Ellis,* of Chicago, Illinois, *Roland Obenchain, Jr.,* and *David B. Weisman,* both of South Bend, for appellants.

*Hillis & Hillis,* of Logansport, for appellee.

PFAFF, J.—Appellee's automobile was damaged in a collision with an automobile being driven by one of appellants, Nona J. Lawson, and appellee brought this action against both appellants. Appellants filed separate counter-claims against appellee. A verdict was returned by the jury for appellee on his complaint and against appellants on their counter-claims.

Appellants present as error the refusal of the court to give certain of their tendered instructions and also claim that under the evidence the appellee was guilty of contributory negligence as a matter of law.

The collision occurred at the intersection of State Highways 39 and 14, July 8, 1954, at approximately 3:00 p.m. in Pulaski County, Indiana, at a point nine miles west of Winamac, Indiana. State Highway 39 runs in a north and south direction and State Highway 14 runs in an east and west direction at this point. Appellants' automobile approached the intersection from the north on State Highway 39 and appellee approached from the east on State Highway 14, which was a preferential highway and, at the time of the accident, there was a sign located at the northwest corner of the intersection bearing the word "STOP" in large letters, clear and visible to traffic traveling south on State Highway 39.

The evidence is undisputed that the automobile driven by appellant, Nona J. Lawson, stopped prior to entering the intersection. Appellee himself testified that the automobile was stopped when he first saw it. Appellant's automobile then proceeded into the intersection and did not again stop. There is evidence from which the jury could have found that appellee's automobile was visible at such a distance; that appellants could have avoided the accident by stopping again or remaining stopped; that after the driver of appellant's car saw appellee approaching she accelerated the speed of the automobile and came into contact with the right front side of appellee's automobile.

The evidence was conflicting as to the speed of appellee's automobile. There is further evidence that appellee, after seeing appellants' automobile entering the intersection, did not reduce his speed but swung to the far south of State Highway 14 to avoid the collision.

After considering all the evidence and taking the evidence most favorable to appellee, we cannot say that appellee was guilty of contributory negligence as a matter of law. The following words in the case of *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816, are equally applicable here: "The facts are in dispute, and it is only where the controlling facts are undisputed or only one reasonable inference can be drawn from the facts by reasonable men that contributory negligence becomes a matter of law. *Bartley* v. *Chicago & E. I. R. Co.* (1940), 216 Ind. 512, 24 N. E. 2d 405; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. 2d 284."

Among the allegations of negligence set out in appellee's complaint are the following:

"10. That at said time and place the defendants did then and there carelessly and negligently operate said defendant's motor vehicle into and on said intersection and without stopping as required by said stop sign, and did then and there operate and propel said defendant's motor vehicle onto and against plaintiff's motor vehicle in the manner and method hereafter set out.

"11. That at said time and place the defendants carelessly and negligently operated said defendant's motor vehicle in the following particulars, to-wit:

"1. That said defendants carelessly and negligently failed and neglected to stop such motor vehicle prior to entering into and on said State Highway 14 from said State Highway 39.

"2. That said defendants carelessly and negligently operated said motor vehicle onto said highway 14 at a high and dangerous rate of speed taking into consideration the circumstances then and there existing, to-wit: 30 miles per hour.

"4. That said defendants carelessly and negligently failed and neglected to sound any horn or signal or warning device of any kind or character prior to colliding with plaintiff's motor vehicle."

Each of appellant's counter-claims alleged that appellee was negligent in certain particulars, including the following: "He drove at a high and excessive rate of speed, to-wit: 75 miles per hour; and he failed and refused to appropriately reduce the speed of said Buick as he approached said intersection."

In our opinion appellants' tendered instruction No. 13, which the court refused to give would have withdrawn from the consideration of the jury subparagraph 1 of rhetorical paragraph 11 of appellee's complaint. The instruction as set out in appellants' brief reads as follows:

"I withdraw from your consideration specification one of negligence charged in the plaintiff's complaint, which reads as follows:

" 'That said defendants carelessly and negligently failed and neglected to stop such motor vehicle prior to entering into and on said State Highway 14 from said State Highway 39'

and instruct you to entirely disregard such specification of negligence in deliberating upon your verdict."

Appellants' tendered instruction No. 12, which the court refused to give, would have withdrawn subparagraph 2 of appellee's complaint. The instruction as set out in appellants' brief reads as follows:

"I withdraw from your consideration specification two of negligence charged in the plaintiff's complaint, which reads as follows:

" 'That said defendants carelessly and negligently operated said motor vehicle onto said Highway 1 4 at a high and dangerous rate of speed taking into consideration the circumstances then and there existing, to-wit: 30 miles per hour.'

and instruct you to entirely disregard such specification of negligence in deliberating upon your verdict."

Since the evidence was undisputed that the appellant driver stopped her motor vehicle prior to entering onto State Highway 14, it was the duty of the court to give appellants' tendered instruction No. 13. As Judge Achor, speaking for this court, said in *Tribune-Star Publ. Co.* v. *Fortwendle* (1954), 124 Ind. App. 618, 625, 115 N. E. 2d 215, 116 N. E. 2d 548: "The rule is firmly established in this state that neither 'instructions taken as a whole,' or the fact that the evidence is sufficient to support a verdict on other issues, excuses the refusal of a trial court to give an instruction that would withdraw from the jury an issue upon which there is no competent evidence. *Northern Indiana Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905."

We find no error in the refusal of the court to give appellants' tendered instruction No. 12, which would have withdrawn the issue of speed. Appellant driver testified that at the time she saw appellee's car, about 150 feet away, she was traveling not over 15 miles per hour and then accelerated. There were facts and circumstances from which the jury was entitled to conclude that appellants' automobile was traveling at a much higher rate of speed.

Appellants' tendered instruction No. 11 explained statutory duties as to the sounding of horns (§47-2229 (a), Burns' 1952 Replacement) which the court refused to give. The instruction as set out in appellants' brief reads as follows:

"On the date of the collision described in the pleadings there was a statute in full force and effect in the State of Indiana which provided in substance that every motor vehicle shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than two hundred feet and providing further that the driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn. Any violation of this provision of the Indiana Law on the part of the plaintiff constitutes evidence of negligence on his part."

Appellants' tendered instruction No. 9 explained statutory requirements as to the speed of motor vehicles (§47-2004, Burns' 1952 Replacement) which the court refused to give. The instruction as set out in appellants' brief reads as follows:

"On the day of the collision described in the pleadings there was in full force and effect in the State of Indiana a statute which provided as follows:

" 'No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle, or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use care. . . . No person shall drive a vehicle at a speed greater than the maximum number of miles per hour which shall have been determined and sign posted as a speed limit by the State Highway Commission. . . . Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful: . . . 65 miles per hour in other locations, unless otherwise zoned in accordance with subsection (3) of this section. . . . The driver of every vehicle shall, consistent with the requirements in subsection (a) drive at an appropriate reduced speed when approaching and crossing an intersection . . . and when special hazards exist wih respect to . . . other traffic or by reason of . . . highway conditions.'

"A violation of any of the provisions of this statute constitutes evidence of negligence on the part of the violator."

Each instruction would have informed the jury that the violation of the statutes constitutes evidence of negligence. Appellee does not question the accuracy of the instructions so far as they go, but argues that they were incomplete and should have gone further and included the element of proximate cause. The instructions were not mandatory in form and, therefore, it was not necessary to state all the law of the case in each instruction. *H. E. McGonigal Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777; *Coca Cola Bot. Wks. of*

*Evansville* v. *Williams* (1942), 111 Ind. App. 502, 37 N. E. 2d 702; Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, §1510 (7), p. 239; 28 West's Indiana Law Encyclopedia, *Trial*, §272.

Other instructions given by the court fully informed the jury as to proximate cause. Appellee argues further that, with reference to speed and the use of a horn, no statutory violation is alleged in the complaint or counter-claims. We do not concur with this view.

Appellee further contends that the vital issue before the court concerned stopping and the use of a preferential highway; that other issues were unimportant; and that it was not necessary to instruct as to them. Issues as to speed and the use of a horn were formed by the pleadings. They were not covered by other instructions and there was evidence concerning them. As stated in 28 West's Indiana Law Encyclopedia, *Trial*, §182, p. 168: ". . . A party who makes a proper request is entitled to have an instruction based upon his own theory of the case submitted to the jury if within the issues and there is any evidence fairly tending to support it." See cases cited.

We are of the opinion that the instructions should have been given and we cannot say on the record that appellants were not harmed by their refusal.

In Lowe's Revision of Work's Indiana Practice, §55.26, p. 456, it is stated: "It is reversible error to refuse a proper instruction tendered in time in due form; for the party who reasonably requests a clear-cut statement of an applicable legal proposition of a vital character is entitled to

have it given to the jury, unless covered by another instruction." See cases cited.

The judgment herein is reversed with instructions to sustain appellants' motion for a new trial.

Kelley, P. J., Bierly, J., and Gonas, J., concur.

NOTE.—Reported in 181 N. E. 2d 870.