NEW YORK CENTRAL RAILROAD CO. *v.* KNOLL.

[No. 19,939. Filed February 10, 1965. Rehearing denied April 22, 1965. Transfer denied February 6, 1967.]

*Jerdie D. Lewis,* of Terre Haute and *Richard O. Olson,* of Chicago, Illinois, and *Lewis and Lewis,* of Terre Haute, both of counsel, all for appellant.

*Raymond J. Kearns,* of Terre Haute and *Warren Buchanan,* of Rockville, and *Albert W. Ewbank,* of counsel, of Indianapolis, all for appellee.

MARTIN, J.—This is an action for personal injury arising out of an automobile accident.

Judgment was for the plaintiff—appellee.

The assignment of errors, the court erred in overruling appellant's motion for new trial.

Appellant in ground 8 of its motion for new trial, assigned as error the giving of the plaintiff's Instruction No. 2. The instruction is as follows:

"If you find from a fair preponderance of the evidence, and under the instructions of the Court, that the plaintiff, Flora Knoll, is entitled to recover, then you should determine the amount of damages she has sustained, if any, from the evidence pertaining to such damages. In doing so you may take into consideration the nature and extent of plaintiff's physical injuries, if any, which she has sustained as a proximate result of the negligence alleged in the complaint and established by a fair preponderance of the evidence; whether such injuries, if any, are temporary or permanent; her suffering in body and mind, which she has endured or which she may endure in the future if she is not yet cured, if any, resulting from such physical injuries, if any; her past and future loss of time and inability to work, if any, resulting from such injuries; the reasonable value of all expenses necessarily incurred, if any, in being treated for such injuries and any expenses which it is shown by a fair preponderance of the evidence is reasonably necessary to be incurred in the future in attempting to effect a cure, if any. From a consideration of the elements herein enumerated, you may assess her damages at such a sum as will be fair compensation to her as shown by a fair preponderance of the evidence, not to exceed $25,000.00, the sum prayed for in her complaint."

That portion of appellee's Instruction No. 2

"[T]he reasonable value of all expenses necessarily incurred, if any, in being treated for such injuries and any expenses which it is shown by a fair preponderance of the evidence is reasonably necessary to be incurred in the future in attempting to effect a cure, if any."

to which the appellant objects, is outside of the issues and evidence in the instant case.

There is no allegation in the appellee's complaint making an issue of the matters objected to by the appellant.

It is fundamental that in civil actions the plaintiff must recover upon the case he makes upon his complaint or not at all; that he cannot sue upon one set of facts and recover upon another.

It is furthermore fundamental that instructions of the court to the jury must follow the evidence, and be limited to an exposition of the legal effect upon the issues on trial of the relevant facts before the jury for determination. *New York Central R. Co.* v. *Powell* (1943), 221 Ind. 321, 330, 47 N. E. 2d 615; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Baker* v. *Powell* (1953), 124 Ind. App. 77, 114 N. E. 2d 894; *Bodine* v. *Justice* (1949), 119 Ind. App. 393, 85 N. E. 2d 504 (transfer denied).

Instruction No. 2 was not applicable to the issues and the evidence and should not have been given the effect as set forth in determining the liability of the appellant.

The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in the evidence of the trial. *Public Service Co.* v. *DeArk* (1950), 120 Ind. App. 353, 360, 92 N. E. 2d 723; *Indiana Ry Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156; *Fields* v. *Hahn* (1944), 115 Ind. App. 365, 57 N. E. 2d 955 (transfer denied).

In considering the effect of an erroneous instruction, we must assume that the error influenced the result, unless it appears from the evidence, or by some part of the record, such error did not affect the results, and that the verdict under proper instructions could not have been different. *Public Service Co.* v. *DeArk, supra,* page 361 of 120 Ind. App.; *Probst, Receiver* v. *Spitznagle* (1939), 215 Ind. 402, 19 N. E. 2d 263; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242; *Perkins* v. *Sullivan* (1957), 127 Ind. App. 426, 143 N. E. 2d 105; *Auto-*

*mobile Underwriters, Inc.* v. *Smith* (1956), 126 Ind. App.
332, 133 N. E. 2d 72; *Neese* v. *Boatright* (1954), 124 Ind.
App. 680, 118 N. E. 2d 510 (transfer denied).

That part of said Instruction No. 2, is outside the issues
wherein it stated:

> "[T]he reasonable value of all expenses necessarily in-
> curred, if any, in being treated for such injuries and any
> expenses which it is shown by a fair preponderance of the
> evidence is reasonably necessary to be incurred in the fu-
> ture in attempting to effect a cure, if any."

It was error to give this instruction and it does appear that
it was prejudicial.

The judgment is reversed with instructions to grant the
motion for a new trial.

Faulconer, C. J., Carson and Prime, JJ., concur.

Note.—Reported in 204 N. E. 2d 220.