SUMMERS *v.* WEYER.

[No. 20,471. Filed June 12, 1967. Rehearing denied July 11, 1967. Transfer denied October 31, 1967.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant.

*Robert J. Fair,* of Princeton, for appellee.

COOK, J.—This was an action brought by the appellee-plaintiff, Weyer, against the appellant-defendant, Summers, to recover damages for personal injuries allegedly suffered by the appellee as a result of an automobile collision which occurred at an intersection in Princeton, Indiana.

The record of the evidence shows that appellant, proceeding south on Main Street, and appellee, proceeding north on Main Street, stopped facing each other at the intersection of Main and Broadway in Princeton for a red traffic signal. A passenger in appellee's auto, appellee, and a city policeman who was a witness to the collision, testified that the turn signal on appellant's car was flashing, indicating a left hand turn. Appellant denied he was signaling for a turn. Appellee was also intending to turn left, and so signaled. As appellee started her turn, appellant, instead of turning left, proceeded straight through the intersection and collided with appellee's auto.

The testimony indicates both cars were traveling at a slow rate of speed at the time of impact, probably about fifteen miles per hour. At the time of the accident appellee stated she was not injured. However, several weeks after the accident, appellee testified she began suffering from severe headaches and muscle spasms in her neck and shoulders. Appellee contended that these injuries were caused by the impact at the time of the collision.

A trial was had by jury, which returned its verdict in favor of appellee in the amount of $6,750.00, and judgment was entered accordingly.

Appellant filed a timely motion for new trial, which was overruled.

Appellant now urges the following specifications, which were included in his motion for new trial: 1. That the trial

court erred in giving appellee's tendered instructions numbered 1, 4, 6, and 9; 2. That the trial court erred in refusing to give appellant's tendered instructions numbered 10 and 11; 3. That the damages assessed were grossly excessive.

Appellee's Instruction No. 1 reads as follows:

"Any person who violates a duly enacted statute of the State of Indiana regulating the operation of a motor vehicle is a wrongdoer and is negligent in the eyes of the law and any innocent person injured by such violation of a statute regulating the operation of a motor vehicle, if it be the proximate cause of the injury, may recover damages from such person."

The only alleged acts of negligence on the part of appellant contained in appellee's complaint are: "a. The defendant negligently gave a signaled intention to make a left hand turn and then proceeded straight ahead. b. The defendant negligently failed to keep a lookout for other vehicles using the said highway, and particularly for the vehicle being driven by the plaintiff."

There are no allegations in appellee's complaint of any statutory violations on the part of appellant, nor does the record disclose that any evidence was adduced at trial from which an inference of a statutory violation could be indulged.

We believe it necessary to consider Instruction No. 1 in conjunction with appellee's Instruction No. 9, which reads as follows:

"I instruct you that at the time of the collision involved in this case there were in full force and effect duly enacted statutes of the State of Indiana which, in their material parts, provided as follows:

'No person shall . . . turn a vehicle from a direct course upon a highway unless . . . after giving an appropriate signal in the manner hereinafter provided . . .

(b) A signal of intention to turn . . . left shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

Any . . . turn signal when required herein shall be given by means of the hand and arm or by a signal lamp or lamps or mechanical signal device . . .' "

It should be noted that appellee complained of appellant's negligence in proceeding straight ahead after giving a left turn signal, and not, as Instruction No. 9 implies, turning without signaling. Although there can be little doubt that proceeding straight ahead after signaling a turn might constitute actionable negligence, the statute quoted does not have any application to such conduct.

Where specific acts of negligence are alleged in a complaint, it is well settled that the plaintiff must recover, if at all, upon proof of these acts. *Wylie* v. *Meyers* (1958), 238 Ind. 385, 150 N. E. 2d 887. *Bodine* v. *Justice* (1949), 119 Ind. App. 393, 85 N. E. 2d 504.

The giving of an instruction on an issue not supported by the evidence is erroneous; and, "It is fundamental that instructions to the jury must follow the evidence, and be limited to an exposition of the legal effect upon the issues on trial of the relevant facts before the jury for determination." *New York Central Railroad Company* v. *Knoll* (1965), 140 Ind. App. 264, 204 N. E. 2d 220, 222, and cases cited therein.

Our Supreme Court, in *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, at p. 551, 38 N. E. 2d 847, said:

"There can be no excuse for dragging into instructions in a negligence case any such abstract unexplained quotation from a statute."

The foregoing statement is singularly applicable to appellee's Instruction No. 9, and we concur without reservation.

There is no explanation of the applicability of the quoted statute to the facts of the case; nor can there be any. Further, when read in conjunction with Instruction No. 1, it is our view that the jury could have easily been misled into the false

assumpution that appellant violated one or more statutory provisions.

The giving of these instructions, which are clearly outside the scope of the relevant issuable facts, will be considered reversible error, unless it clearly appears that appellant has not been harmed by their giving. *Chicago & Eastern Illinois Ry. Co.* v. *Whipking* (1930), 96 Ind. App. 167, 170 N. E. 548, *New York Central Railroad Company* v. *Knoll*, *supra*.

In other words, in order to reverse the decision below, it is only necessary for us to determine that the decision of the jury *may* have been based on the giving of the erroneous instructions. *DeHaven* v. *Helvie, by next friend* (1890), 126 Ind. 82, 25 N. E. 874. We cannot escape the conclusion that the jury was influenced by these erroneous instructions, and, that appellant was harmed thereby.

Questions raised regarding other instructions should not arise on a re-trial of the cause, and will, therefore, not be considered.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

Pfaff, P. J. and Bierly and Smith, JJ., concur.

NOTE.—Reported in 226 N. E. 2d 904.