DOROTHY P. MOORE *v.* SUZANNE D. FUNK AND STANLEY M. FUNK. JACK MOORE *v.* SUZANNE D. FUNK AND STANLEY M. FUNK.

[No. 3-572A1. Filed March 20, 1973. Rehearing denied April 26, 1973. Transfer denied August 27, 1973.]

546

*Maxwell P. Smith, Thomas S. Locke, Smith & Locke,* of Fort Wayne; *Don W. Wyneken, Blume, Wyneken, Levine & Clifford,* of Fort Wayne, for appellants.

*Milford M. Miller, Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder,* of Fort Wayne, for appellees.

STATON, J.—STATEMENT ON THE APPEAL: Dorothy P. Moore was driving her car south on Lima Road in Fort Wayne, Indiana. She turned left into the cross-over at the Dunn

Street "T" intersection and waited for the northbound traffic to clear so that she could enter the driveway of the Panel Mart. It was a dark, rainy, October morning. Suzanne D. Funk had just driven her father to work and was on her way to the Fort Wayne Regional Campus. She too was driving her car south on Lima Road and was approximately 100 feet from the rear of Dorothy P. Moore's automobile when it suddenly appeared to her that she might strike a small portion of the Moore car which was protruding into the southbound lane. She applied her brakes and the car began to skid on the wet pavement. A collision occurred which pushed the Moore car into oncoming traffic from the north where it was struck again broadside by a third car.

Dorothy Moore brought an action for damages against Suzanne Funk and her father, Stanley M. Funk.[1] Suzanne D. Funk's defense was based upon a "sudden emergency." The jury returned a negative verdict. Dorothy Moore's motion to correct errors and her brief present two alleged errors.[2] These two alleged errors concern themselves with instructions given to the jury:

---

1. Mrs. Moore's suit against Stanley Funk was founded upon a theory of agency. At the close of Mrs. Moore's case in chief, the trial court granted Stanley Funk's motion for a directed verdict. Mrs. Moore attempted to question this action on appeal by alleging that the evidence showed a "joint venture." However, the motion to correct errors questioned the action of the trial court by alleging that the evidence showed an agency relationship. Appellant cannot shift her theory on appeal. She is limited to those arguments presented to the trial court in her motion to correct errors. *In re Annexation to the City of Muncie* (1971), 150 Ind. App. 245, 276 N.E.2d 198; *Spivey v. State* (1971), 257 Ind. 257, 274 N.E.2d 227.

2. In three of the six issues presented by Dorothy Moore on appeal there are nothing but bare assertions unsupported by any relevant authority. This is a violation of AP. 8.3(A)(7) and waives any error. *Drost v. Professional Building Service Co.* (1972), 153 Ind. App. 273, 286 N.E.2d 846; *Hiatt v. Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834; *Colonial Life & Accident Insurance Co. v. Newman* (1972), 152 Ind. App. 554, 284 N.E.2d 137, 139. The issue of sufficiency of the evidence raises no question on appeal since Mrs. Moore is appealing from a negative verdict. *Beaty v. Donaldson* (1964), 136 Ind. App. 269, 200 N.E.2d 233; *Hiatt v. Yergin, supra.*

1. Was there sufficient evidence to warrant the giving of an instruction on sudden emergency?
2. Was the giving of Suzanne D. Funk's instruction number ten (10) error for the reason that it was not complete?

We conclude in our opinion which follows that there was sufficient evidence to warrant the giving of an instruction on "sudden emergency" but that the trial court did commit error by giving Suzanne D. Funk's instruction number ten (10). Our opinion reverses the judgment of the trial court.

STATEMENT OF THE FACTS: On October 27, 1967 at approximately 8:00 o'clock A.M., Mrs. Dorothy P. Moore, hereinafter referred to as Mrs. Moore, was traveling south on Lima Road. She came to the "T" intersection at Dunn Street, entered the cross-over, stopped and waited for northbound traffic to clear.

Miss Suzanne D. Funk, hereinafter referred to as Miss Funk, was on her way to the Fort Wayne Regional Campus after driving her father to work. It was a rainy, dark morning and visibility was poor. Miss Funk was traveling south in the eastern or inside lane of traffic on Lima Road. Lima Road, at the intersection of Dunn Street, has two through lanes and a turn lane for northbound traffic and two through lanes for southbound traffic. North and southbound traffic is separated by a sixteen foot earth filled median strip.

When Mrs. Moore's car was stopped at the cross-over, approximately one foot of her car extended back into the inner lane for southbound traffic. Miss Funk testified that she did not see the portion of Mrs. Moore's car in her lane until she was approximately 100 feet away. She then "hit" her brakes and skidded into the rear of Mrs. Moore's automobile. Mrs. Moore's car was pushed into the northbound lanes where it was hit broadside by a car driven by Mr. Holuvetz.

There is a dispute in the evidence as to whether Mrs. Moore had any turn signals or lights on. However, Miss Funk testified:

"Q. When you first saw Mrs. Moore's car, as you told Mr. Smith, did you see any lights on it at all?

"A. No, I did not.

"Q. Did you see whether Mrs. Moore had any turn signal on?

"A. No, I did not.

"Q. Did she in fact have lights on?

"A. As far as I could see, no.

"Q. Did she, in fact, have turn signals on?

"A. No, I did not see one."

Mrs. Moore and her husband, Jack Moore, filed suit on October 2, 1969 seeking $60,000.00 and $25,000.00 respectively. Trial began on June 1, 1971. At the close of Moore's case in chief, Mr. Funk received a directed verdict. At the close of all the evidence, the jury returned a negative verdict. Mrs. Moore filed her motion to correct errors on July 30, 1971, which was overruled on February 28, 1972. The case was fully briefed and distributed to this Court on October 25, 1972. Oral argument was completed on December 7, 1972.

STATEMENT OF THE ISSUES: Two issues are raised by this appeal.

1. Was there sufficient evidence to warrant the giving of an instruction on sudden emergency?
2. Was the giving of Suzanne D. Funk's instruction number ten (10) error for the reason that it was not complete?

STATEMENT ON THE LAW: We will discuss the applicable law to both of the above issues in this section of our opinion, and we will designate our discussion of each issue as ISSUE ONE and ISSUE TWO.

A short preface to our discussion of the merits on the above issues is necessary here to dispose of a contention by Miss Funk that both of the issues to be discussed have been waived by Mrs. Moore. AP. 8.3(A)(7) requires that a verbatim objection to the instruction must be

set forth in the appellant's brief. Miss Funk contends that Mrs. Moore's failure to set forth the verbatim objections in her brief amounts to a waiver of any error. Technically, Miss Funk is correct.[3] Mrs. Moore's brief has made references to the pages in the transcript where the objections appear. Where there has been substantial compliance with the rules, the omission will not result in a waiver of the error. *Williams* v. *State* (1969), 253 Ind. 316, 318, 253 N.E.2d 242.

ISSUE ONE:

> Did the trial court commit an error when it gave to the jury the "sudden emergency" instruction offered by Miss Funk?

Miss Funk's instruction number six (6) and the objection by Mrs. Moore is the substance of this contention of error. Miss Funk's instruction number six (6) is as follows:

> "Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which resulted from his conduct, even though another course of conduct would have been more judicious, or safer, or might even have avoided the injury.

> "I instruct you that the duty imposed upon the defendant did not require him to use every possible precaution to avoid injury to the plaintiff; nor that the defendant should have employed any particular means, which it may appear after the accident would have avoided it; nor was the defendant required to make accidents impossible. The defendant was only required to use such reasonable precaution to prevent the accident and consequent injury as would have been adopted by ordinarily prudent persons under the circumstances as they appeared, prior to the accident."

---

3. Several recent decisions of this court have held that failure to comply with AP. 8.3(A)(7) amounts to a waiver. *Anderson* v. *Taylor* (1972), 154 Ind. App. 217, 289 N.E.2d 781. The better practice would be to strictly comply with the rule and not to gamble on substantial compliance as was done in the present case.

The specific objection to this instruction was:

"Plaintiffs, and each of them, object to Defendant's Tendered Instruction Number 6 for the reason that there is nothing in the evidence which raises an issue of sudden emergency in this cause. There is no dispute in the testimony but what during all times covered by the testimony in this cause of action, plaintiff, Dorothy Moore, was at complete and full stop in the intersection. There is no dispute as to plaintiff's testimony that several cars had passed behind her prior to the time she was struck by defendant, Suzanne Funk, all of which creates a situation contrary to that normally considered in the giving of a 'sudden emergency' instruction."

Miss Funk contends that Mrs. Moore is limited on appeal to the specific objection made at trial and that the above objection does not raise the correctness of the law which is argued in Mrs. Moore's brief. Miss Funk further contends that the objection made at trial raises the question as to whether there is sufficient evidence to support the giving of an instruction on "sudden emergency."[4] Miss Funk's contention is a correct statement of the law. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N.E.2d 106. The reason for the rule was stated in an opinion written by Judge Sullivan, *Conley* v. *Lothamer* (1971), 150 Ind. App. 356, 361, 276 N.E.2d 602, 605:

"The purpose . . . is to protect the trial court from inadvertent error. . . . [T]he objection must be meaningful enough to raise the veil disclosing error. . . ."

A second statement of the purpose can be found in 3 W. HARVEY, INDIANA PRACTICE 406 (1970):

". . . The reason for condemning this practice [making general objections] is that the court may well have obviated the error if its attention was directed at the proper time to the particular matter about which the party may subsequently complain on appeal."

---

4. This theory of "sudden emergency" is sometimes referred to as "sudden peril."

The objection made by Mrs. Moore to the trial court raises the question of sufficiency of the evidence to support the giving of the "sudden emergency" instruction. We shall address ourselves to this objection since it is the only objection brought to the attention of the trial court.

Miss Funk was entitled to have an instruction given to the jury based upon her own theory of the case if the theory was within the issues and if there was any evidence fairly tending to support the giving of the instruction. *Lavengood* v. *Lavengood* (1947), 225 Ind. 206, 73 N.E.2d 685; *Lawson* v. *Webster* (1962), 133 Ind. App. 296, 181 N.E.2d 870; *Acme-Evans Co.* v. *Schnepf* (1938), 214 Ind. 394, 14 N.E.2d 561.

The elements which establish the defense of "sudden emergency" are:

"(1) That the appearance of danger or peril was so imminent that he had no time for deliberation; . . .

"(2) That the situation relied upon to excuse any failure to exercise legal care was not created by his (appellant's) own negligence; . . .

"(3) That his conduct under the circumstances was such as the law requires of an ordinarily prudent man under like or similar circumstances. . . ."

*Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 247, 132 N.E.2d 919, 924 (citations omitted).

Mrs. Moore's assessment of the evidence would indicate that she feels that element two has not been established. Her position is that Miss Funk had no time for deliberation because she failed to keep a proper lookout. We do not find a complete void of facts and reasonable inferences from which the jury could have found otherwise. The jury had these additional facts before it:

1. That Mrs. Moore was stopped on Lima Road without any lights or turn signals showing.

2. That Mrs. Moore's vehicle protruded into the lane of travel used by Miss Funk by one foot.

3. That it was a dark, rainy morning.

The jury could have concluded that Miss Funk could not see Mrs. Moore's vehicle until she was approximately 100 feet away and was unable to stop due to the wet pavement. The jury could further conclude from these facts that Miss Funk did not create the situation which made Mrs. Moore's unlighted vehicle difficult to see. There was sufficient evidence for the jury to decide whether a "sudden emergency" existed. It was not error for the trial court to give a "sudden emergency" instruction.

ISSUE TWO: Miss Funk's instruction number ten (10) and Mrs. Moore's objection thereto form the fabric of Issue Two. Instruction ten (10) is as follows:

> "In the course of the testimony given in this action, you have heard the defendant, Suzanne Funk, answer as to a conviction for following too close. It is the law of this State that a party to the action who takes the stand as a witness, may be required to testify as to such conviction. I instruct you that such a testimony concerning the conviction cannot be considered by you on the question of the right of the plaintiff to recover in this action. Such testimony can only be considered by you on the question of credibility."

Mrs. Moore's objection to instruction number ten (10) is as follows:

> "Plaintiffs, and each of them, object to the giving of Defendant's Tendered Instruction Number 10 as it was modified for the reason that the plea of guilty to a traffic offense of following too closely, predicated on an allegation in plaintiffs' complaint and the evidence in the cause, constitutes an admission against interest and the Defendant's Tendered Instruction Number 10 is not a full, complete and accurate statement of the law as it is applicable to the facts in these causes."

Mrs. Moore has the same right as Miss Funk in having her theory of the case presented to the jury. Mrs. Moore ▮ complains that the giving of Instruction No. 10 was error because:

". . . [I]t is not a full, complete and accurate statement of the law . . ."

We must agree.

In Mrs. Moore's case in chief she introduced, without objection, evidence that Miss Funk had pled guilty in a criminal court to a charge of following too closely. The charge of following too closely arose from the accident which is the subject of this lawsuit. The purpose of the introduction of the plea of guilty was to introduce an admission against interest. The admission could then be evidence tending to prove negligence on the part of Miss Funk.

> "Admissions are admissible in evidence as competent proof of facts which they tend to establish. They are regarded as positive evidence to prove the matter admitted.
> * * *
> "While a party's declarations and conduct are substantive evidence of the facts to which they relate, they may also be used for the purpose of impeachment and testing the credibility of a party." 1 Conrad, Modern Trial Evidence § 474 at 375 (1st ed. 1956).

> "Extrajudicial admissions of the parties, however, are not conclusive, but may be explained, rebutted and contradicted, their weight being a matter for the jury." 1 Conrad, Modern Trial Evidence § 476, at 377 (1st ed. 1956). See also Dimmick v. Follis (1953), 123 Ind. App. 701, 111 N.E.2d 486; Topper v. Dunn (1961), 132 Ind. App. 306, 317-18, 177 N.E.2d 382; Richey v. Sheaks (1967), 141 Ind. App. 423, 228 N.E.2d 429.

Miss Funk never denied pleading guilty to following too closely. Her position at trial was directed toward explaining her plea and rebutting the inference of negligence it raised.

Instruction No. 10 infers that the only reason for the introduction of the plea of guilty was to impeach Miss Funk's

credibility. If this was its purpose, it failed, because ▮ Miss Funk did not deny the charge. It is apparent from the record that the only reason for the introduction of the plea was to establish positive evidence of negligence. If Miss Funk explained the admission, then the weight to be given the admission was for the jury. Instruction No. 10 tells them the plea was only to be used to impeach the testimony of Miss Funk. In fact, she never denied making the plea. Instruction Number 10 was not an accurate statement of the law.

The judgment of the trial court should be and the same hereby is reversed.

Hoffman, C.J. and Sharp, J., concur.