JOEL BIRDSONG *v.* ITT CONTINENTAL BAKING COMPANY, WILLIAM BRADFORD, JR.

[No. 2-373A61. Filed June 18, 1974. Rehearing denied July 18, 1974.]

*W. Scott Montross, Townsend, Hovde & Townsend,* of Indianapolis, for appellant.

*Robert J. Shula, John P. Price, Grace M. Curry, Bingham, Summers, Welsh & Spilman,* of Indianapolis, for appellees.

STATON, J.—Joel Birdsong's automobile was stopped as he prepared to make a left turn from Sixteenth Street into an alley. His automobile was struck in the rear by an ITT Continental Baking Company truck. Birdsong suffered personal injuries and property damage to his automobile. His action for negligence against ITT Continental Baking Company was tried before a jury. The ITT Continental Baking Company contended that Birdsong was contributorily negligent in his failure to have his seatbelt buckled at the time of the rear end collision. Its seatbelt instruction 14 was given to the jury by the trial court. The jury returned a verdict for ITT Continental Baking Company. Birdsong brings this appeal which contends that the giving of Instruction 14 was error. We agree and reverse.

Instruction 14 reads as follows:

"There has been evidence that the automobile plaintiff was driving was equipped with seat belts, and the defendants have raised the issue that the plaintiff failed to use ordinary care to avoid injury to himself. The defendants do not contend that plaintiff's failure to use seat belts caused the collision between the vehicles, but *the defendants do contend that such conduct contributed to cause plaintiff's injuries and damages.*

"You will weigh all the evidence to determine whether or not a reasonable prudent person, under all the facts and circumstances as shown by the evidence, would have been using a seat belt and determine in *accordance with all the Court's instructions whether or not plaintiff's failure to use the seat belt was negligence*. If you find that the plaintiff was guilty of contributory negligence in that respect, and that such conduct was a proximate cause of *or contributed to cause his injuries and damages, you shall not award any amount for those injuries or damages which you find was caused by such negligence of the plaintiff,* if any." (Our emphasis)

Other instructions tendered to the jury by the trial court, Instructions 12 and 13, defined contributory negligence in Indiana and detailed its effect upon Birdsong's claim, if proven. Both instructions were correct statements of the Indiana law. Nevertheless, we find several infirmities in the dictates of Instruction 14, both in its own mandate and in combination with the enumerated instructions concerning the effect of contributory negligence. The combination of these infirmities may not be labelled harmless error.

The dictates of Instruction 14 allow a reasonable juror to conclude that the law of Indiana sanctions a reduction in the damages claimed by Birdsong in proportion to the degree of negligence the jury assigns to Birdsong's failure to have his seatbelt fastened at the time of the collision. Indiana law does not recognize degrees of negligence. *Pawlisch v. Atkins* (1932), 96 Ind. App. 132, 182 N.E. 636. The doctrine of comparative negligence has been specifically refuted by the appellate courts of this State. *Hoesel v. Cain* (1944), 222 Ind. 330, 53 N.E.2d 165; *Pennsylvania Co. v. Roney* (1883), 89 Ind. 453 and *Lewis v. Mackley* (1951), 122 Ind. App. 247, 99 N.E.2d 442.[1] The law of this

1. The common law doctrine of contributory negligence has been successfully attacked in a number of American jurisdictions. The doctrine of comparative negligence has most often been its replacement. See generally, Haugh, *Comparative Negligence: A Reform Long Overdue,* 49 ORE. L. REV. 38 (1969); Maloney, *From Contributory to Comparative Negligence: A Needed Law Reform,* 11 U. FLA. L. REV. 135 (1958); Prosser, *Comparative Negligence,* 51 MICH. L. REV. 464

State governing instructions requires that those tendered to the jury comply with the substantive law of Indiana. *Summers* v. *Weyer* (1967), 141 Ind. App. 176, 226 N.E.2d 904; *New York Central Railroad Co.* v. *Knoll* (1965), 140 Ind. App. 264, 204 N.E.2d 220. Where that rule has been violated, this Court must assume that the instruction given

(1953); PROSSER, TORTS § 65, et seq. (1971); and *32 ALR 2d 463.* Three variations of comparative negligence exist in the United States:

a. *Pure Comparative Negligence:* when damages are apportioned pursuant to degrees of fault regardless of which party is guilty of the greater fault. Only Mississippi, which passed comparative negligence by statute in 1910 and widened its scope to all personal injury cases in 1920, and the Canal Zone abide by this form. See MISS. STAT. ANN. § 1452.

b. *Modified Comparative Negligence:* follows the same basic principle of apportioning damages, but denies recovery to any claimant whose negligence exceeds that of the defendant, i.e. greater than 50% of the total negligence. This form of comparative negligence has the widest acceptance and was first adopted in Wisconsin in 1931. Most recently, the States of Massachusetts, Minnesota, Hawaii, New Hampshire, Maine and Oregon have adopted statutes of this type with the States of Connecticut and Wyoming giving it consideration. Additionally, the doctrine has been adopted by judicial fiat in Florida, where legislative attempts failed. See *Hoffman* v. *Jones* (1973), Fla., 280 So.2d 431. In 1967, the Illinois Appellate Court attempted to accomplish a similar result in that jurisdiction, but was overruled by the Supreme Court of Illinois. *Maki* v. *Frelk* (1967), 85 Ill. App. 2d 439, 229 N.E.2d 284, rev'd. 40 Ill. 2d 193, 239 N.E.2d 445. See *Comments* on *Maki* v. *Frelk,* 21 VAND. L. REV. 897 (1968). It should be noted that both Florida and Illinois have since adopted a statutory form of no fault insurance. The modified form of comparative negligence adopted by Wisconsin was approved by the American Bar Association in 1969 after being recommended by the A.B.A. Special Committee on Automobile Reparations. See Report of the American Bar Assoc. Special Committee on Automobile Accident Reparations (1971).

c. *Slight* v. *Gross Comparative Negligence:* Nebraska in 1913 and South Dakota in 1941 enacted legislation embodying this form of comparative negligence. Here, a plaintiff is not denied a recovery for claimed damages if his negligence is found to be slight in comparison with the gross negligence of the defendant. South Dakota has since deleted the gross requirement for defendant's negligence. See NEB. REV. STAT. § 25-1151 (1956) and S.D. CODE § 47.0301. No apportionment of damages is accomplished under this form of comparative negligence.

Other forms of comparative negligence exist by court adoption or expansion of limited statutes. The Georgia courts, through the years, have succeeded in expanding a statute originally meant to apply apportionment theory to cases against the railroad where the plaintiff was contributorily negligent to all cases involving personal injuries. The Tennessee courts have evolved a rule concerning the comparison of fault delineated as "remote contributory negligence." Neither concept is a candidate for general adoption. See *32 ALR 2d 463.*

influenced the result in the trial court unless it appears from the evidence or the record that the verdict under proper instruction could not have been different. *Summers* v. *Weyer* and *New York Central Railroad Co.* v. *Knoll, supra.* Our careful examination of the evidence does not warrant such a conclusion in the present case; Instruction 14 clearly concerned the issue of ITT Continental Baking Company's liability.

A non-mandatory instruction must be read with all of the other instructions given to the jury. *Rondinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812; *Lamb* v. *York* (1969), 252 Ind. 252, 247 N.E.2d 197. Where the combined effect of those instructions is to mislead the jury, we must reverse. *Rondinelli* v. *Bowden, supra* and *Paxton* v. *Ferrell* (1969), 144 Ind. App. 124, 244 N.E.2d 439. Here, in Instructions 12 and 13, the jury was informed of the definition and effect of contributory negligence in Indiana. Instruction 14 contradicted the noted effect of contributory negligence by allowing the jury to apportion the damages resulting from the collision rather than mandating denial of recovery as required by Indiana law. We presume that this confusion affected the jury's conclusion. *Summers* v. *Weyer* and *New York Central Railroad Co.* v. *Knoll, supra.*

We must also note that the evidence presented in the case before us failed to support the giving of Instruction 14. ITT Continental Baking Company failed to present any evidence which connected Birdsong's injuries to his failure to have his seatbelt fastened at the time of the collision. An instruction must be within the issues and supported by evidence. *Moore* v. *Funk* (1973), 155 Ind. App. 545, 293 N.E.2d 534; *Lawson* v. *Webster* (1962), 133 Ind. App. 296, 181 N.E.2d 870. It is reversible error to give an instruction that is not supported by the evidence. *Baker* v. *Mason* (1968), 253 Ind. 348, 242 N.E.2d 513.

Therefore, the judgment of the trial court should be and the same hereby is reversed with instructions to grant Joel Birdsong a new trial.

Lybrook, J., concurs with opinion; Hoffman, C.J., dissents with opinion.

### CONCURRING OPINION

Lybrook, J.—While I concur with my esteemed colleague, Judge Staton, in the result he has reached, we arrive at this common destination via different paths.

Instruction No. 14 seems erroneous to the writer for several reasons enumerated later in this opinion. None of these reasons, however, have their roots in the doctrine of comparative negligence, and I confess a total inability to apply the comparative negligence theory, or any aspect of it, to the problem at hand.

That comparative negligence has been and remains banned under Indiana law, cannot be doubted. *Hoesell* v. *Cain* (1944), 222 Ind. 330, 53 N.E.2d 165. *Lewis* v. *Mackley* (1951), 122 Ind. App. 247, 99 N.E.2d 442.

In *Indianapolis Traction and Terminal Company* v. *Croly* (1911), 54 Ind. App. 566, 96 N.E. 973, the court said:

> "It may also be stated that the laws of comparative negligence formerly recognized in Illinois has never been recognized or applied by the courts of this State. If a plaintiff is negligent to any degree and such negligence proximately contributes to his injury, he cannot recover on account of the negligence of the defendant, and it matters not that his negligence may have been slight as compared with more gross and reprehensible negligence on the part of the defendant."

In *Pawlisch* v. *Atkins* (1932), 96 Ind. App. 132, 182 N.E. 636 the Court, as in the case at bar, was concerned with an incorrect instruction. The *Pawlisch* Court determined that the trial court erred in instructing the jury that plaintiff would be guilty of contributory negligence if he *"materially* contributed to produce the injuries complained of." (Emphasis added.) In reversing the judgment this Court said:

"It has long been the rule in this state and in many other states that there are no degrees of negligence or of contributory negligence in cases of the kind under consideration. This is the common-law rule based upon sound reason and, as we believe, is followed by a majority of the states."

In the case at bar Instruction No. 14 contained several infirmities, the most prominent being that it invited the jury to engage in pure speculation as to what injuries, if any, would have been prevented had plaintiff buckled his seat belt. The possibility of speculation was heightened by a lack of evidence as to what the extent of the injuries might have been had the seat belt been fastened. The instruction also contains language which is misleading in that the jury was asked to "determine in accordance with all the Court's instructions whether or not plaintiff's failure to use the seat belt was negligence." When taken out of context this phrase might well mislead a lay juror into believing that plaintiff was guilty of contributory negligence because the belt was not fastened, although, admittedly there is other language in the instruction which attempts to confine the failure to use the seat belt to the matter of damages. Further, we must not lose sight of the fact that Birdsong had stopped, and was waiting to make a left turn when he was struck from the rear. Obviously, the absence of a seat belt could not have been the proximate or a contributing cause of the collision.

In *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N.E.2d 824, an attempt was made to apply the theory of avoidable consequences to lessen damages in a case where a passenger in an automobile failed to fasten a seat belt. In rejecting the application of this doctrine, the court observed:

"Although the theory of avoidable consequences has merit, and failure to use the belts may come into action after the proximate cause, we have no authorities which we believe permit us to invoke that doctrine under the evidence here to avoid or to lessen the damage. We recognize possibility of the doctrine applying in some future date and in some matter where the circumstances are clearer than the instant

case in showing that some part of the injury would not have occurred except for the fact that plaintiff failed to avoid the consequence of the tort by not fastening his seat belt."

As in *Kavanagh, supra,* there was insufficient evidence in the case at bar to permit the application of such a doctrine. In respect for *Kavanagh* the writer is reluctant to state that a correct instruction on this subject can never be given. Hopefully the drafting of such an instruction will be attempted by a legal mind possessing more craftsmanship and ingenuity than that of the writer and even then only in a totally different set of evidentiary circumstances than we have in the case before us.

For the above reasons I would reverse and concur in the result reached by Judge Staton.

DISSENTING OPINION

HOFFMAN, C.J.—I dissent since the instruction given is an instruction as to damages.

The jury returned a verdict for the defendant, thus finding that the defendant was not liable. The jury did not reach the damage question. Therefore, if the instruction were improper, harmless error resulted. Any alleged error affecting the measure of damages is not relevant.

The judgment should be affirmed.

NOTE.—Reported at 312 N.E.2d 104.