CHARLES D. STEPHENS AND MARTHA STEPHENS *v.* SHELBYVILLE CENTRAL SCHOOLS AND BOARD OF TRUSTEES OF SHELBYVILLE CENTRAL SCHOOL DISTRICT.

[No. 1-574A87. Filed November 14, 1974.]

*George R. Glass, Charles D. O'Connor, Glass & Moberly,* of Shelbyville, for appellants.

*Donald L. Brunner, Brunner, Brown & Brunner,* of Shelbyville, for appellees.

ROBERTSON, P.J.—The plaintiff-appellants, Mr. and Mrs. Charles Stephens, are appealing a negative judgment in a wrongful death action brought against the defendant-appellees, the Shelbyville School System. The parents alleged that their son's death was the result of the school's negligence.

The two issues raised by the parents are whether the trial court erred in giving final instructions on contributory negligence and incurred risk and whether the trial court abused its discretion in allowing the School's counsel a concluding argument after the parent's counsel made his final rebuttal closing argument.

We hold that neither issue raises reversible error and accordingly affirm.

The facts show that fourteen year old Anthony Stephens drowned while participating in the first session of a fall swimming class at Shelbyville High School. He was at the shallow end of the pool with a group of non-swimmers who were directed to become acquainted with the water and to practice holding their breath. During the class Anthony was discovered unconscious lying on the pool floor. He was pulled to the side of the pool and placed upon the deck where a supervisor applied artificial respiration to no avail. The cause of Anthony's unconsciousness could not be determined.

The parents first contend that final instructions on contributory negligence and incurred risk were improperly given

since they were not supported by the evidence. They correctly state the rule that it is reversible error to give instructions not supported by the evidence. *Birdsong* v. *I.T.T. Continental Baking Co.* (1974), 160 Ind. App. 411, 312 N.E.2d 104. However, our review of the record reveals evidence to support giving instructions on both theories of defense.

Howard Bell, the Superintendent of Schools, testified that he observed a bruise on Anthony's chin. The trier of fact may have inferred that Anthony, contrary to instructions, may have dived into the pool.

Additionally, three classmates gave testimony from which it could be inferred that he had been involved in an underwater breath holding contest unknown to, and unsanctioned by, his instructor. The jury could have found that this activity could have contributed to his drowning.

As to the issue of incurred risk, evidence was presented that in the prior school year, while a Junior High student, Anthony had suffered a lapse of consciousness during a gym class rope climbing exercise. Two teachers testified that he climbed an eighteen foot rope, lost consciousness, and fell to the floor. Although the incident was known to both Anthony and his parents, it was not reported to the high school before entering the swimming class, nor was any effort made to be exempted from the class.

> "The doctrine of incurred risk is based on the proposition that one incurs all the ordinary and usual risks of an act upon which he voluntarily enters, so long as those risks are known and understood by him, or could be readily discernible by a reasonable and prudent person under like or similar circumstances." *Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82, 88.

From the foregoing evidence the jury could have inferred an incurring of the risks involved in the swimming class because of the non-disclosure of the previously experienced lapse of consciousness.

We therefore hold that there was evidence on both contributory negligence and incurred risk which would warrant the final instructions given by the trial court.

The parents next contend that the trial judge abused his discretion by allowing the School's counsel to have additional argument at the conclusion of the plaintiff's final argument.

After the parent's counsel had finished his rebuttal, the School's counsel requested additional time in which to answer new matters brought up by parent's counsel in his rebuttal which were not touched upon in opening argument. The request was based upon IC 1971, 34-1-21-1 (Burns Code Ed.) which provides:

> "The parties may either submit or argue the case to the jury. In the argument, the party having the burden of the issue shall have the opening and the closing, but shall disclose in the opening all the points relied on in the cause; and if, in the closing, he refer to any new point or fact not disclosed in the opening, the adverse party shall have the right of replying thereto which reply shall close the argument in the case."

The trial court granted an additional four minutes and admonished the School's counsel to discuss only those points first raised by plaintiff's counsel on his rebuttal.

The parents argue that this action by the court was an abuse of discretion since no new material was in fact discussed in their counsel's final rebuttal that had not at least been touched upon in closing argument.

In reviewing this contention weight must be given to the decision of the trial judge for the control of argument of counsel is clearly within his sole discretion. We may reverse only if that discretion is clearly abused. The trial judge was faced with a difficult question that had to be decided immediately. It is apparent from the record that he carefully considered the request for additional time with fairness to both sides his principal concern. Our review

of the final arguments leads us to believe that his decision was correct. Moreover, even if erroneous, we would be unable to say that the judge's grant of an additional four minutes of argument, strictly limited as to its exact content, constituted reversible error.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 318 N.E.2d 590.