## THE KENTUCKY AND INDIANA CEMENT COMPANY ET AL. v. MORGAN ET AL.

[No. 3,468.  Filed December 13, 1901.]

APPEAL.—*Joint Assignment of Error.*—Where a verdict against two defendants is conceded to be correct as to one, the other defendant cannot attack it except by a separate motion for a new trial and a separate assignment of error. *p. 90.*

TRESPASS.—*Excessive Damages.*—In an action for trespass for the value of cement rock taken by mistake by an adjoining landowner, damages exceeding the value of the rock unquarried is excessive. *p. 90.*

From Clark Circuit Court; *C. W. Cook*, Special Judge.

Action for trespass by Ann Morgan and others against the Kentucky and Indiana Cement Company and others. From a judgment for plaintiffs, defendants appeal. *Affirmed conditionally:*

*J. G. Howard*, for appellants.
*S. S. Johnson*, for appellees.

ROBY, J.—Action of trespass against appellants. They jointly assign: (1) That the court erred in sustaining a demurrer to the separate answer of the Kentucky & Indiana Cement Company; (2) that it erred in overruling their motion for a new trial.

The joint assignment presents no question upon the demurrer to the separate answer of the cement company. *Kempf* v. *Union Savings, etc., Assn.*, 13 Ind. App. 570. The grounds stated for a new trial were: (1) That the finding is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the damages assessed are excessive.

It is contended that the appellant Rouse was an independent contractor and that the trespass complained of was his trespass alone for which his employer and co-appellant was not responsible. It being conceded that the verdict is correct as to one defendant, the other, in order to attack it, should have made a separate motion for a new trial, and separately assigned error, neither of which was done.

The appellees owned cement lands adjoining those owned by the appellant company. In working its mine, 92,840 cubic feet of cement rock were taken from appellees land through a mistake as to the boundary line. The land was worth $100 per acre and 19-100 of an acre was mined. The quantity of rock named would produce 30,942 barrels of cement. The unquarried rock was worth $\frac{1}{2}$ cent per barrel, or $154.71. There was no conflict whatever in the evidence and appellees' attorney does not endeavor to explain the manner in which the amount of the finding was reached. The finding and judgment were for $379.70 and therefore excessive.

If the appellees file a remittitur in the clerk's office within twenty days for $224.99, the judgment is affirmed at appellees' cost, otherwise it is reversed, and the cause remanded with instructions to sustain the motion for a new trial and for further proceedings.