SAM LEVIN, ET AL. *v.* GERTRUDE A. SCHUCKMAN, ET AL.

[No. 271A38. Filed December 14, 1971.]

*David Peters, David Peebles,* of Fort Wayne, for appellants.

*James F. Dumas,* of Fort Wayne, *Albert W. Ewbank,* of Indianapolis, for appellees.

LOWDERMILK, J.—This action was to quiet title to 9.20 acres of real estate, for injunction and damages for trespass. Defendant Sam Levin filed a disclaimer as to any title in the plaintiffs-appellees' real estate.

At page 161 of the transcript it is shown that the parties stipulated that the "plaintiffs and their predecessors in title have held a fee simple title to the real estate since August 16, 1932, to the present date." The parties entered into and executed a pre-trial order, wherein it was stipulated that the parcel of land in question was owned by the plaintiffs-appellees. The pertinent part of the stipulation reads as follows:

> "On February 24, 1959, Clara May deeded to all her nine (9) children, plaintiffs herein, the property north of the Wabash River Road, which is the property here involved."

Plaintiffs-appellees' attorney admitted in oral argument the description of the land as set out was erroneous, but the stipulation did show the property attempted to be described was "the property here involved" and, in our opinion, this sufficiently identified the property at issue.

The cause was tried to a court without a jury. The court,

after trial, quieted title in plaintiffs and determined the damages for the defendant-appellants' trespass to be $8,640.00.

The motion to correct errors consists of two specifications, the first error claimed reading, in part, as follows: ". . . in that damages awarded to plaintiffs in the amount of $8,650.00 [sic] are excessive. . . ." This is followed by 15 pages of questions and answers which we feel it is not necessary to set out herein. The second allegation of error was in relation to the improvement, if any, which the land fill had upon the property, and which supposed error the defendants-appellants have herein waived. This specification of error is followed by 4 pages of questions and answers which we feel it is not necessary to set out herein.

Defendant-appellant Levin & Sons, Inc. was in the junk business and used land adjoining plaintiffs-appellees' land as well as their own in conducting their business.

The court's judgment is as follows:

"That the allegations of the complaint of plaintiffs were true, and that at the commencement of this action, plaintiff was in possession of the real estate described in Paragraph I of their complaint, and that they have the legal estate therein, and are owners in fee simple thereof. The Court further finds that the defendant's claims and interest in said real estate adverse to the plaintiff; that defendant has no interest or estate in said real estate and that their claim is without right and unfounded; the Court further finds that the plaintiff is entitled to have their title to the real estate described in Paragraph I of the complaint quieted.

\* \* \*

"And this cause now being at issue, the same is submitted to the Court for trial, and the Court having heard the proofs and evidence, and being duly advised in the premises, now finds for the plaintiff, and that the allegations of plaintiff's complaint are true, and that there is due said plaintiff from the defendant, the sum of Eight Thousand Six Hundred Forty ($8,640.00) Dollars, together with the costs of this action as herein laid out and expended."

There was evidence in the record that damages to the 9.20 acres of land by defendants-appellants' trespass was $100

per month until the 1st day of November, 1967, and that appellees seek no damages after November 1, 1967.

There is further evidence that the land in question had been rented to a third party for $100 per month.

There was also evidence by this witness, a daughter of the Mays, and owner of an undivided 1/9th interest in said real estate, that the former attorney for the May family made demand for rent of $50 per month, although she did not authorize the writing of the letter. Evidence was introduced which conflicted as to the amount of the land used by the defendant-appellant corporation and the fair rental value thereof.

Defendant-appellants argue that they only used one-half of the tract of 9.20 acres and that a mathematical calculation works out to $10.87 per acre per month. The corporation further argues that the plaintiffs-appellees claim reasonable rental on the land from November 1, 1967, for a period of 26 months and the highest figure on the greatest amount of land is $1,271.79, and that a remittitur ought to be ordered by the court.

Plaintiffs-appellees contend that they are entitled to $100 per month, or $1,200 per year, for eight years, or a total of $9,600.00, which was the reasonable rental value of the land and further urge that the judgment for damages of $8,640 is well within the total damages of $9,600.

Plaintiffs-appellees further assert that the contention of a limited period of 26 months was for the first time presented on appeal and was never raised in the motion to correct errors.

Defendants-appellants assert there was never a stipulation between the parties. With this we must disagree. The transcript, at page 161, discloses the following, to-wit:

"8. The following stipulations were entered into between plaintiffs and defendant.

"Plaintiffs and their predecessors in title have held a fee simple title to the real estate since August 16, 1932, to the present date."

Such a contention by the defendants-appellants is untenable as it was first claimed by defendants-appellants in this court and was not timely raised by defendants' motion to correct errors filed with the trial court.

Supreme Court Rule TR. 59 (B) reads, in part, as follows:

"(B) Form of motion. * * * The statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." See, also, Rule AP. 8.3 (A) (7).

We must agree with plaintiffs-appellees' contention that no new matter can be presented on appeal which was not raised by the motion to correct errors. Further, in this case, defendants-appellants expressly waived everything in their motion to correct errors except that the damages awarded by the court were excessive.

On the matter of excessive damages the corporation cited two cases. We shall first discuss *McCormack* v. *Showalter* (1894), 11 Ind. App. 98, 38 N. E. 875.

The *McCormack* case was tried to a jury. The plaintiff was seeking to recover damages caused by defendant's blowing up his building with dynamite. The jury awarded plaintiff damages in the amount of $500 by its general verdict. However, interrogatories were submitted to the jury. The court in rendering judgment allowed $400 damages instead of the $500, the amount assessed by the general verdict. The error charged in that case by the appellant was that the court failed to render judgment in accordance with the general verdict of $500.

The court stated the law in actions of this kind as being as follows:

"The theory of the complaint is to recover damages for trespass. In actions of this character, the damages which are recoverable are simply compensatory. *Gebhart* v. *Burkett*, 57 Ind. 378.

"Under the allegations of appellant's complaint, no other damages could be assessed, and they must be limited to the property destroyed or injured."

The court further said that in answer to an interrogatory the jury found that the property destroyed was of the value of $400. Four hundred dollars being the extent of the injury sustained the court rendered judgment in the amount of $400 instead of $500, the amount awarded by the jury. The trial court further said, "the jury, in all probability, added this extra one hundred dollars as punitive damages." To this extent the answer to interrogatories overcame the general verdict.

The second case cited was *Kentucky & Indiana Cement Co. v. Morgan* (1901), 28 Ind. App. 89, 62 N. E. 68, which case was tried without a jury. In this case the appellant-defendant was an independent contractor and the trespass complained of was his trespass alone, for his employer and co-appellant was not responsible.

The appellee-plaintiff owned cement land adjoining those of the appellant company. In working its mine appellants removed 92,840 cubic feet of cement rock from appellee's land through a mistake in the boundary line. The quantity of rock taken would make 30,942 barrels of cement. The unquarried rock was worth ½ cent per barrel, or $154.71. There was no conflict in the evidence and appellees' attorney did not explain the manner in which the amount of the finding was reached. The finding and judgment were for $379.70 and, therefore, excessive. This court stated that if appellees filed a remittitur of $224.99 within twenty days the judgment would be affirmed at appellees' cost; otherwise, it would be reversed and the cause remanded with instructions to sustain the motion for a new trial.

In this case there was absolutely no conflict in the evidence and the court could and did determine by mathematical calculation the number of barrels of cement produced and taken and the price per barrel and that was the amount of the damages.

In determining whether the damages awarded are excessive or oppressive, each case must be determined on its own

peculiar facts. An award will not be disturbed unless it is manifestly excessive, but if clearly unwarranted in amount, the verdict will not be permitted to stand.

Although in the case at bar the parties entered into a stipulation that the plaintiffs were the owners of the real estate in question from the year of 1932 to the time of the trial of the cause, the parties, in their respective briefs, have gone further and discussed the title and how it came to the parties. This we need not and will not consider, as the title has been agreed on as being in the plaintiffs and the trial court and this court has a right, and, in fact, it is the trial court's duty, to rely on the stipulations of the parties.

The briefs of each of the parties, including defendants-appellants' reply brief, have many calculations of figures of how the court arrived at the amount of damages he awarded the plaintiffs-appellees for the trespass and whether or not it was 2½ acres, 4½ acres, or the entire 9.20 acres on which he allowed the damages.

There is evidence in the record that the defendant-appellant corporation would not permit the owners of the land in dispute to pass over the railroad crossing to get to their own land and that the railroad company and the plaintiffs-appellees constructed a new and separate crossing over the railroad company's tracks so plaintiffs-appellees could have access to the entire 9.20 acres.

There is contradictory evidence in the record that the land rental was worth from $50 per month and evidence that it was worth $100 per month.

Defendant-appellant corporation had possession from February 24, 1959 until November 1, 1967, and plaintiffs-appellees contend they are entitled to damages for that period of time as owners of said land. Defendant-appellant corporation contends that since they used only a portion of the tract for dumping purposes damages should be apportioned to only that part used. This contention is untenable, as they deprived

the plaintiffs-appellees from the enjoyment, use and possession of their entire tract of 9.20 acres. There was evidence the land rental was worth $100 per month and the trespass being for a period from February 24, 1959, until November 1, 1967; this period of time at $100 per month places the judgment of $8,640 for damages well within the amount of damages to be calculated at $100 per month for 8 years and 7 months, which would be $10,300.

The defendant-appellant corporation contends that plaintiffs-appellees only owned an interest in the real estate from September 2, 1965, and the reasonable rental value of the land for a period of 26 months would be $1,271.79 and further argues a remittitur ought to be ordered by the Appellate Court. This contention is untenable because of the pre-trial stipulation heretofore set out which expressly showed title in the names of the plaintiffs-appellees from and after February 24, 1959; and further, was not raised in defendants-appellants' motion to correct errors and was, thereby, waived by defendants-appellants.

It is well established in Indiana that where evidence is conflicting, in determining whether a finding in favor of appellee is warranted, only the uncontroverted facts and evidence most favorable to the appellee and inferences that may be drawn therefrom can be considered on appeal. *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N. E. 2d 685.

Therefore, considering the uncontroverted facts and the evidence most favorable to the appellees and the inferences that may be drawn therefrom there is adequate evidence upon which the court determined plaintiffs-appellees' damages for the unlawful trespass to be $8,640.00.

This court has many times said it will not weigh the evidence where there is a conflict. *Pontious* v. *Littleton, supra.* We cannot, as a matter of law, say that the trial court was in error in determining the amount of plaintiffs-appellees' damages was in the sum of $8,640. It is

only where the decision of the court is such that reasonable men, after considering the evidence, would all come to one and the same conclusion, which conclusion is different from that of the trial court, that such finding and judgment would be contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Pontious* v. *Littleton, supra.*

Finding no error in the record the decision of the trial court is hereby in all things affirmed.

Buchanan and Robertson, JJ., concur; Sullivan, P. J., concurs in result only.

NOTE.—Reported in 276 N. E. 2d 208.