Mariann Lantz McFarland; Joseph L. Lantz *v.* Phend & Brown, Inc., an Indiana Corporation; and the State of Indiana; and the Indiana State Highway Commission.

[No. 3-773A94. Filed October 16, 1974. Rehearing denied December 4, 1974. Transfer denied June 18, 1975.]

*W. Scott Montross, Townsend, Hovde & Townsend,* of Indianapolis, for appellants.

*Max E. Reed, Widaman, Bowser, Reed & Geberin,* of Warsaw, for appellees.

Staton, J.—Joseph L. Lantz and his daughter, Mariann Lantz McFarland, filed their Indiana Rules of Procedure, Trial Rule 60(B)(3) motion to be relieved from a final judgment. They contended that the affidavit in support of the summary judgment motion misrepresented the liability position of Phend & Brown, Inc. The trial court overruled their TR. 60(B)(3) motion. Their consolidated appeal raises this sole issue:

Did the trial court abuse its discretion when it overruled their motion for relief from final judgment?

Our review examines the action taken by Lantz and his daughter to avoid the final judgment rendered upon the motion for summary judgment, the representation made in the affidavit supporting the summary judgment, and the issue

determined by the trial court's judgment. We conclude that the trial court did not abuse its discretion and affirm.

## I.

### *Affidavit and Judgment*

Mariann Lantz McFarland was a passenger in an automobile that left a recently paved portion of State Road 15 at an unmarked curve and struck a state-owned crane which had been parked at the side of the road. The accident occurred on July 22, 1964 at 10:00 o'clock P.M. Joseph L. Lantz filed his action for damages on July 19, 1966. Later, his daughter, Mariann Lantz McFarland, filed her action for damages on March 30, 1971.

On August 26, 1971, Phend & Brown, Inc. filed a motion for summary judgment which was supported by an affidavit. Parker Phend, secretary, signed the affidavit for Phend & Brown, Inc. The affidavit represented that:

". . . The final blacktop application was concluded June 26, 1964. The equipment of Phend & Brown, Inc. was removed entirely from the job site on or about June 13, 1964, and the caution signs removed on or about July 18, 1964."

It further represented that the caution signs were not removed until the job was accepted by the State Engineer and that the State Engineer's acceptance was prior to July 22, 1964 when the accident occurred. It concluded that Phend & Brown, Inc. was not responsible for any painting of the center line with white or yellow colors since this was not included in the contract with the State. It further concluded that all of Phend & Brown, Inc.'s responsibilities under the contract for this section of State Road 15 had been fully completed prior to the accident on July 22, 1964.

The trial court held a hearing on September 7, 1971 on the motion for summary judgment and made the following entry which granted summary judgment.

". . . The hour of hearing having arrived, the matter of the motion for summary judgment filed herein by the defendant, Phend and Brown, Inc., is now submitted to the

Court in absence of the plaintiff, the plaintiff having failed to appear in person or by counsel, and the Court having examined said defendant's motion for summary judgment and the supporting affidavit of Parker Phend, and the plaintiff having failed to file or serve counter affidavits in opposition to said motion for summary judgment, the Court now finds and determines that there is no genuine issue as to any material fact as to Phend and Brown, Inc., one of the defendants herein, and that said defendant is entitled to a judgment in its favor as a matter of law. It is, therefore, considered, ordered, adjudged and decreed by the Court that the plaintiff take nothing on its claim against the defendant, Phend and Brown, Inc., in this cause."

After the September 7, 1971 judgment, Lantz and McFarland filed their TR. 60(B)(3) motion on September 5, 1972 and requested relief from the final judgment. They contended that the depositions taken after the judgment showed that there was a genuine issue of fact as to whether or not Phend & Brown, Inc. had been released under the contract and in fact had been authorized to remove the warning signs as stated in the affidavit.

Our examination of the depositions clearly establishes the fact that the road section in question here was never closed to traffic. The written acceptance from the State Highway Department to the contractor within ten days as provided for in the contract was never sent by the Highway Department as a matter of policy. Even though Robert G. Day, an engineer for the Indiana Highway Department, had inspected and accepted the road work done by Phend & Brown, Inc. on July 22, 1964, Phend & Brown, Inc. had not received a written acceptance ten years later. The depositions exhibit evidence which clearly shows that Phend & Brown, Inc. made a conclusory representation based upon facts and reasonable inferences which were placed in the best possible light.

## II.

### Conclusion

No Indiana cases are available to assist us in our review of this issue. This is an issue of first impression in Indiana. We

may refer to federal authority dealing with the same or similar issue, but these authorities are not binding upon this court. *Graves Trucking, Inc.* v. *B. G. Trucking, Inc.* (1972), 151 Ind. App. 563, 280 N.E.2d 834, 837; *Houston* v. *First Federal Savings & Loan Association of Gary* (1969), 144 Ind. App. 304, 246 N.E.2d 199; *Sperry and Hutchinson Co.* v. *State* (1919), 188 Ind. 173, 122 N.E. 584. However, we find no federal authority which is dispositive of a case in this factual posture.[1]

A motion requesting relief from a final judgment, TR. 60(B)(3), addresses itself to the sound discretion of the trial court. The motion must show that the affiant knew or should have known from the information available to him that the representation made in the affidavit was false. Furthermore, the misrepresentation must be made as to a material fact which would change the trial court's judgment.

The representation made by Parker Phend, taking into consideration the information available to him, was not false. After judgment, any discoverable evidence brought to the trial court's attention, which places the factual issues in a different light, may suggest a different judgment, but this is not the "misrepresentation" covered by TR. 60(B)(3). The depositions of Robert G. Day and Leonard Moore, Jr. were taken on August 7, 1972. The original complaint was filed in 1964. This shows less than reasonable diligence to determine the liability of a party who is being sued for negligence.[2] McFarland and Lantz have not shown any conduct on the part of Phend and Brown, Inc. to conceal proper

1. Lantz and McFarland have urged that this Court accept *Estate of Murdoch* v. *Commonwealth of Pennsylvania, City of Philadelphia* (3rd Cir. 1970), 432 F.2d 867, as our guide to the issue of relief from a final judgment. This federal authority can be easily distinguished. First, in the *Murdoch* case, discovery efforts were made to determine liability before the Court's judgment, and the plaintiff's counsel joined to have Webster, the contractor, dropped as a defendant. Secondly, the default was due to acts committed by Webster. Thirdly, the representation in the affidavit was absolutely false.

2. We would point out that Lantz and McFarland's counsel on appeal was not their counsel at the time of the summary judgment.

discovery evidence which would assist the trial court in making its determination on the motion for summary judgment. The illumination suggested by the "new" evidence in support of the motion to be relieved from final judgment loses its persuasive brightness when we realize that it has been available from the beginning.

Our affirmance of the trial court's judgment denying relief from the final judgment may appear harsh, but the accessibility of our courts would be denied to many if we were to reverse. Litigation must be brought to an end as soon as possible to assure a fair measure of justice to the next litigant waiting to have his case tried. If a litigant can choose his own time to meet the issue upon which the court must render its judgment, the entire judicial system would collapse under the awesome weight of pending litigation. TR. 60(B)(3) was never intended to bring this result. The trial court did not abuse its discretion. We affirm.

Hoffman, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 317 N.E.2d 460.