LEONARD A. GIBSON v. SHEILA R. HENNINGER.

[No. 2-574A119. Filed July 20, 1976.]

*Eugene J. McGarvey, Jr., Thomas J. Trauring, Fell and McGarvey,* of Kokomo, for appellant.

*Floyd F. Cook, Cook and Cook,* of Kokomo, for appellee.

### STATEMENT OF THE CASE

LOWDERMILK, J.—The instant case was transferred from the Second District to this office on July 1, 1976, in order to lessen the disparity in caseloads between the Districts.

Plaintiff-appellee (Sheila) was injured while driving a motor vehicle which collided in a street intersection with another vehicle operated by defendant-appellant (Gibson). Litigation was had and resulted in a jury's verdict and a judgment for Sheila in the sum of $35,000.

We affirm.

### FACTS

Sheila was driving her automobile and collided with the motor vehicle operated by Gibson and as a result thereof she sustained injuries to her chest and legs and more especially to the knees. As a result of the injuries Sheila visited a number of doctors in an attempt to get relief from pain in the legs and knees. Sheila was forced to quit her job as a waitress as she could not stay on her feet for long periods of time. At the time of the trial, however, she was working as a saleslady

and making more money than she made before and at the time of the collision. Doctors diagnosed her injuries to the knees as traumatic arthritis.

## ISSUES

The issues are:

1. Did the trial court in refusing to give Gibson's Instruction No. 1 which instructed the jury to ascertain whether or not the plaintiff was negligent in failing to use the seat belt provided in her vehicle act contrary to law and to Gibson's prejudice?

2. Whether the verdict of $35,000, since reduced to $25,000, is still excessive when considered in view of Sheila's medical-hospital bills of only $550.20, her undetermined loss of wages and all other evidence presented at trial.

### ISSUE ONE

Gibson vigorously contends that the court's refusal to give his tendered seat belt instruction, which instructed the jury to ascertain whether or not Sheila was negligent in failing to use the seat belt in her vehicle, was contrary to law.

Said seat belt instruction is as follows, to-wit:

"The defendant contends that the plaintiff, Sheila R. Henninger, was negligent in that she did not use the seat belt provided by the vehicle's equipment.

You will weigh all the evidence to ascertain whether or not a reasonably prudent driver under all the facts and circumstances in evidence would have been using the vehicle's seat belt and determine in accordance with these instructions whether or not the plaintiff, Sheila R. Henninger, was negligent in failing to use the seat belt provided by the vehicle at the time of the accident."

Gibson prepared and filed written objections to the court's refusal to give said instruction. Inasmuch as this is not necessary to save plaintiff's record we will not set it out in this opinion.

Gibson urges said instruction is a correct statement of Indiana law and is supported by the evidence.

To sustain his position Gibson cites the Indiana cases of *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N.E.2d 824; *Birdsong* v. *ITT Continental Baking Company* (1974), 160 Ind. App. 411, 312 N.E.2d 104 and a federal case, *Mays* v. *Dealers Transit, Inc.* (1971), 441 F.2d 1344.

*Mays* v. *Dealers Transit, Inc., supra,* is a well written opinion and holds that the wearing of seat belts is sufficiently involved in the matter of exercising a reasonable care as to an issue of common law negligence under proper conditions and circumstances in Indiana.

Inasmuch as we have leading precedents on this issue before us in Indiana which hold to the contrary we are bound to follow the Indiana precedent to the exclusion of that set out by our United States Court of Appeals, Seventh Circuit.

This court in the case of *McFarland* v. *Phend & Brown, Inc.* (1974), 161 Ind. App. 695, 317 N.E.2d 460 at 462, in discussing whether federal authorities were a binding precedent on this court said:

"No Indiana cases are available to assist us in our review of this issue. This is an issue of first impression in Indiana. We may refer to federal authority dealing with the same or similar issues, *but these authorities are not binding upon this Court. . . .*" (Our emphasis.)

The *Kavanagh* v. *Butorac* case, *supra,* is a learned opinion by Judge Wickens and is a landmark case in Indiana. *Kavanagh* is a seat belt case with very similar facts and issues as we have in the case at bar.

Appellant attempts to distinguish the present case from *Kavanagh*. He states that *Kavanagh* being a court case that the validity of a "seat belt instruction" was not considered by the court. This is true; however, the same test applies to the law of the case, be it tried to a court or to a jury.

Gibson contends that contributory negligence existed as a matter of law for Sheila's failure to use seat belts which were a part of her automobile.

There is no conflict in the evidence—Sheila did not have her seat belt fastened at the time of the collision and she struck the dash with her knees and suffered traumatic arthritis in the knees.

In the case at bar there is no conflict in the evidence and the trial court or jury may have believed that the fastening of the seat belt by Sheila would not have avoided the collision and her injuries.

The court said in *Kavanagh*:

> " 'This court has many times said that contributory negligence is ordinarily a question of fact for the jury, and that it is only in cases *where the facts are undisputed and where only a single inference can be reasonably drawn therefrom* that the court can say, as a matter of law, that a certain course of conduct does, or does not, constitute contributory negligence. . . .' (Our emphasis.)" (Citations omitted.) 140 Ind. App. at 148.

We have reviewed the evidence and have come to the inescapable conclusion that more than one inference may be drawn from the facts of this case.

Sheila testified that she did not fasten her seat belt for the reason her brother who had been involved in an automoble collision and was thrown from the front to the rear seat would have been mashed by the motor coming back into the front seat had he had his seat belt buckled. Further, there was no expert witness called by either party to give evidence for the enlightenment of the jury as to whether Sheila would or would not have sustained her injuries had she been "buckled up" before the collision occurred.

The burden of proof of contributory negligence on Sheila's part was on Gibson. To prove contributory negligence on the part of Sheila sufficient to bar her recovery it was Gibson's burden to prove that she would not have been injured had she used the seat belt and that her

negligence proximately contributed to her injury. (*Kavanagh, supra,* at page 149.)

This, we determine, Gibson failed to do. Gibson's theory of the case is that it was Sheila's negligence in not "buckling up" before the collision which caused her injury and he relies solely on the theory of her contributory negligence to bar her recovery. Contributory negligence comes into action *before* the defendant's wrongdoing has been completed. Therefore contributory negligence to bar recovery must be a proximate cause of injury. (*Kavanagh, supra,* at page 149.)

In the *Birdsong* case, *supra,* Judge Staton's majority opinion was based principally on comparative negligence which we do not have in Indiana. *Hoesel* v. *Cain* (1944), 222 Ind. 330 at 337, 53 N.E.2d 769. In the concurring opinion of Judge Lybrook he addressed the same problem which confronts us in the instant case. In speaking of Instruction No. 14 Judge Lybrook said it was "misleading in that the jury was asked to 'determine in accordance with all the court's instructions whether or not plaintiff's failure to use the seat belt was negligence.'" Gibson's Instruction No. 1 which was refused told the jury to weigh all of the evidence to ascertain whether or not a reasonable person under all facts and circumstances would have used the seat belt and determine, in accordance with the instructions, whether or not Sheila was negligent in failing to use the seat belt at the time of the collision.

In the case at bar, like in *Birdsong,* the instruction could mislead the jury into believing Sheila was guilty of contributory negligence because the seat belt was not fastened.

Further, Sheila was on a preferred street and Gibson did not stop before entering the same and striking her car. It is obvious that the absence of a fastened seat belt around Sheila could not have been the proximate or a contributing cause proximately contributing to the collision.

Gibson further sets out that it can be reasonably inferred

that "a seat belt instruction" may be given whenever the following conditions are met:

1. * * *

2. * * *

3. * * *

4. The instruction when given and considered in light of the evidence, cannot invite the jury to engage in mere speculation as to what injuries, if any, would have been prevented had Sheila buckled her seat belt.

Assuming arguendo that what Gibson says is correct we still must determine from the evidence that Gibson failed to produce any evidence which connected Sheila's injuries to her failure to be "buckled up." Her statement that seat belts probably would have prevented her knees from striking the dash is only conjecture and speculative and does not rule out the actual happening even with the seat belt fastened. There was no evidence that had Sheila been "buckled up" at the point of the collision she would not have gone into and under the dash and sustained injury.

We now hold that Sheila was not guilty of contributory negligence as a matter of law and the trial court correctly refused Gibson's tendered Instruction No. 1.

## ISSUE NO. TWO

Issue No. 2 is whether the verdict of $35,000 reduced to $25,000 by the court is excessive.[1]

Sheila felt injury at the scene of the collision. She had a jammed finger, her chest hurt and her knees were injured and bruised. She was unable to work as a waitress where she worked 30 hours per week and earned $1.60 per hour.

She was never hospitalized but had to secure employment as a saleslady when she was able to return to work. Her new

---

1. At no place in the briefs or in the transcript do we find that a judgment has been entered on the verdict. We have, therefore, referred only to the verdict without mentioning a judgment.

employment permitted her to sit down and get off her feet and knees for periods of time during her working hours. She earned more per hour at her new job.

She was attended by many doctors mostly for the injuries to her knees. Dr. Armond, an osteopathic physician, testified that she was in an automobile accident on October 8, 1970, and she was X-rayed at the Howard Community Hospital immediately after the collision. There were no broken bones and she was not hospitalized. She first called on Dr. Armond on May 21, 1971. On examination the knees were both found to be very sore. Light pressure on either side caused excruciating pain and she winced and moved away. There were other injuries. When lying on a table, one leg was longer than the other. The hip bones were twisted and she had rib lesions and cervical lesions that would cause pain in the chest and neck.

A test of the knees indicated there was inflammation of the knee joints and the tissue in the knee joints had been damaged.

Dr. Armond further testified that Sheila was suffering from traumatic arthritis which is osteoarthritis which has been caused by injury, by force, by a wrongful force. Dr. Armond also testified Sheila's knees would probably be impaired and cause her trouble for the next twenty years.

Sheila had medical-hospital bills of $550.20. The evidence of loss of wages is indefinite.

Gibson urges reversal for the reason that the verdict was excessive. This court in *Levin* v. *Schuckman* (1971), 150 Ind. App. 254, 276 N.E.2d 208 at pages 211, 212, had the following to say in determining if damages were excessive:

"In determining whether the damages awarded are excessive or oppressive, each case must be determined on its own peculiar facts. An award will not be disturbed unless it is manifestly excessive, but if clearly unwarranted in amount, the verdict will not be permitted to stand."

See also, *Kavanagh* v. *Butorac, supra,* page 146.

Applying the above stated test to the damages awarded in the instant case we must come to the conclusion that the damages were not excessive.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 350 N.E.2d 631.