**Janet S. HARRIS, Appellant,**

v.

**Manuel A. CACDAC, Appellee.**

**No. 83A04–8603–CV–85.**

Court of Appeals of Indiana,
Fourth District.

Sept. 23, 1987.

Rehearing Denied Oct. 22, 1987.

Eric A. Frey, Frey, Hunt, Hassler & Lorenz, Jessie A. Cook, Terre Haute, Henry J. Antonini, Clinton, for appellant.

William W. Drummy, John Christopher Wall, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for appellee.

YOUNG, Judge.

Janet Harris appeals a negative judgment in her medical malpractice case against Dr. Manuel Cacdac, a neurosurgeon. The issues preserved for review are:

(1) Did the trial court err in granting Cacdac's motion for judgment on the evidence on the issue of fraud? [1]

(2) Did the trial court err in giving instructions on the issue of contributory negligence?

We affirm in part and reverse in part.

Harris became a patient of Cacdac in 1980. Cacdac performed two scalenectomies and a lumbar disc excision on her during that year. On August 28, 1981, he performed a cervical disc excision on Harris, which Harris claims was unnecessary.

1. Harris made the following allegations of fraud:

(1) Misrepresentation of the myelogram results;

(2) Misrepresentation of the need for surgery; and

(3) Misrepresentation of the extent of the surgery to be performed.

Because Harris concedes that the second and third allegations have been waived, we address only the allegation that Cacdac misrepresented the myelogram results.

As a result of the last surgery, Harris filed a malpractice action against Cacdac alleging negligence and fraud. The trial court granted Cacdac's motion for judgment on the evidence on the fraud issue, and the jury returned a verdict in favor of Cacdac on the negligence issue.

Harris contends the trial court erred in granting judgment on the evidence on the fraud count. When reviewing a trial court's action on a judgment on the evidence, we consider only the evidence most favorable to the non-moving party. *Lambert v. Yellowbird, Inc.* (1986), Ind.App., 498 N.E.2d 80, 81 (*citing Dettman v. Sumner* (1985), Ind.App., 474 N.E.2d 100, 103.

> To sustain an action for fraud it must be proven that a material representation of a past or existing fact was made which was untrue and known to be untrue by the party making it or else recklessly made and that another party did in fact rely on the representation and was induced thereby to act to his detriment.

*Central National Bank of Greencastle v. Shoup* (1986), Ind.App., 501 N.E.2d 1090, 1093 (*quoting Peoples Trust & Savings Bank v. Humphrey* (1983), Ind.App., 451 N.E.2d 1104, 1112).

■ Harris specifically contends Cacdac represented that the results of her August, 1981 myelogram were abnormal when in fact they were normal. She bases this argument on Cacdac's hospital discharge summary, which states in part:

> She was advised that there is an abnormality on the EMG [electromyelogram] but we confirmed this with the myelogram so we probably would need to do an intraoperative discogram.

(R.1558) This statement, however, was not dictated until September 19, approximately three weeks after the surgery in question. Thus, Harris could not have relied on it in making her decision to undergo the August 28 surgery and it cannot be the basis for a fraud action.

In addition, Harris failed to produce evidence of any oral misrepresentation by Cacdac. Both she and Cacdac testified that Cacdac told her, prior to the surgery, that the results of the myelogram were normal. Thus, the undisputed evidence indicates that Cacdac made no misrepresentations which induced Harris to undergo the August 28 surgery. Therefore, the trial court properly withdrew the fraud issue from the jury's consideration. Accordingly, we affirm the court's judgment on the evidence.

■ Harris also contends the trial court erred in instructing the jury on the issue of contributory negligence. One of the challenged instructions, Defendant's Instruction No. 9,[2] reads as follows:

> The patient, as well as the physician, has the duty to exercise reasonable care; the physician has the duty to his patient to exercise reasonable care in forming his diagnosis and rendering treatment, while the patient has the duty to exercise reasonable care in following his instructions. If Janet Harris failed to exercise reasonable care in following the instructions given to her by Dr. Cacdac and such failure on Janet Harris' part directly contributed to her injury, if any, then your verdict should be against the Plaintiff, Janet Harris and in favor of the Defendant, Dr. Cacdac.

(R.145) Harris made the following objection to the instruction:

> ... The Plaintiff further contends that in a medical malpractice case the failure of the Plaintiff to follow directions of the physician after the happening of an event, which is already the subject of the action, such as unnecessary surgery, does not justify the instruction to the jury that the doctrine of contributory negligence applies....

(Supp.R. 20) A patient may be contributorily negligent by failing to follow a physician's instructions. *Jones v. Angell* (1883), 95 Ind. 376; *Fall v. White* (1983), Ind.App., 449 N.E.2d 628. However, in order to constitute a bar to recovery, contributory negligence must be a proximate cause of the

---

**2.** Harris also challenges three definitional instructions on contributory negligence. However, we need not address the propriety of these instructions as our holding on Defendant's Instruction No. 9 is dispositive.

**1140**

injury. *Gibson v. Henninger* (1976), 170 Ind.App. 55, 350 N.E.2d 631, 633. It must unite in producing the injury, *Jones, Supra* at 381, and thus be "simultaneous and co-operating with the fault of the defendant ... (and) enter into the creation of the cause of action". 61 Am.Jur.2d *Physicians and Surgeons* 302, p. 449 (1981).

> Negligence on the part of the patient or of those having him in their charge, which occurs wholly subsequently to the physician's malpractice which caused the original injuries sued for, is not a complete defense to any recovery against the physician, but serves to mitigate the damages, preventing recovery to the extent the patient's injury was aggravated or increased by his own negligence, or those having his custody, although he is entitled to recover for the injuries sustained prior to his contributory negligence.

Annot., 50 A.L.R.2d 1043, 1055.

■ The jury was instructed that if Harris failed to follow Cacdac's directions she would be barred from recovery. At trial, Cacdac specifically alleged that Harris failed to exercise her neck as directed following surgery.[3] Harris' alleged negligence in failing to exercise her neck was wholly subsequent to Cacdac's alleged negligence in performing unnecessary surgery. Therefore, contributory negligence did not apply to Harris' post-surgery conduct and the court erred in instructing the jury that it did. Rather, a proper instruction would have been for mitigation of damages.[4] Because we cannot speculate as to the reason the jury denied recovery, we must reverse the jury's verdict and remand the case for a new trial on the issue of negligence.

Affirmed in part and reversed in part.

CONOVER and NEAL, JJ., concur.

3. Cacdac alleges in his brief that instructions on the issue of contributory negligence were proper because Harris also failed to provide an accurate medical history. However, we need not address this issue as Defendant's Instruction No. 9 improperly states the law and requires that we remand the case for a new trial.

4. Curiously, the court also instructed the jury that if Harris aggravated her injuries by disobeying Cacdac's instructions, she could only recover the damages attributable to Cacdac's negligence. The conflict between the mitigation of damages instruction and the contributory negligence instructions was raised by Harris in her brief and, although the issue was not preserved for review, we note that the confusion created by the conflicting instructions makes it impossible for us to determine the impact that the improper contributory negligence instruction had upon the jury.