Allen **FREELS,** Appellant–Defendant,

v.

Dorrine **WINSTON,** Special Administratrix of the Estate of Arthur Winston, Deceased, Appellee–Plaintiff.

No. 57A03–9011–CV–481.

Court of Appeals of Indiana,
Third District.

Oct. 7, 1991.

Rehearing Denied Nov. 27, 1991.

Edward L. Murphy, Jr., Diana C. Bauer, Miller Carson & Boxberger, Fort Wayne, for appellant-defendant.

Saul I. Ruman, David M. Hamacher, Ruman, Clements & Tobin, P.C., Hammond, Charles V. Falkenberg, III, Karlin & Fleisher, Chicago, Ill., for appellee-plaintiff.

HOFFMAN, Presiding Judge.

Defendant-appellant Allen Freels appeals the trial court's granting of a T.R. 60(B) motion for relief from a judgment, which is a final appealable order. Ind.Trial Rule 60(C). A summary judgment granted in favor of another defendant, David Griffith, is not a subject of this appeal.

The facts relevant to the appeal disclose that Dorrine Winston filed a wrongful death action against Freels in July 1989 after her husband was killed when the truck he was driving struck a bull which had escaped from Freels' property. Without answering the complaint, Freels filed a motion for summary judgment on September 8, 1989. Freels attached his affidavit to the motion which outlined his knowledge of the propensities of the bull, the condition of the fence surrounding the pasture from which the bull escaped, and his efforts to capture the bull after its escape.

On January 19, 1990, the court granted Freels' motion for summary judgment based largely on the affidavit by Freels. On March 16, 1990, Winston filed a T.R. 60(B) motion for relief from the judgment. Winston based her motion on claims of newly discovered evidence and misrepresentation by Freels. Sometime after the judgment, Winston became aware of Freels' deposition given in the companion property damage action filed by the owners of the truck driven by Arthur Winston.

The deposition more fully explained the circumstances surrounding the escape of the bull and the intervening three days before the fatal collision. Freels' affidavit did not disclose that Freels knew of the bull's escape approximately 17 hours prior to the time that he commenced a search, that the bull had escaped from a more securely fenced pasture prior to ultimately escaping from a pasture partially bounded by a "junk fence," and that Freels did not constantly search for the bull in the interim between its escape and the collision as was implied in the affidavit.

On June 6, 1990, the trial court *sua sponte* issued findings of fact and conclusions of law and granted Winston's motion for relief from the judgment. This appeal ensued.

On appeal, Freels raises three issues for review. As restated, the issues are as follows:

(1) whether the trial court erred in granting Winston's motion for relief from judgment where Winston failed to demonstrate that the exercise of due diligence would not have revealed the evidence;

(2) whether alleged misrepresentations by Freels constitute a basis for sustaining the judgment when the trial court failed to make findings and conclusions of law as to misrepresentation; and

(3) whether the summary judgment should have prevailed notwithstanding newly discovered evidence because negligence by the State was the intervening cause of the damages sustained by Winston.

■ Initially, it should be noted that although the trial court titled its order "Findings And Judgment on Plaintiff's Motion For Relief From Judgment Pursuant to Trial Rule 60," the findings were not specifically ordered by the court or requested by the parties. When not mandated by rules or statute and not requested by a party in writing prior to the admission of evidence, special findings may not be contradicted but the judgment is treated as a general one and may be affirmed upon any ground sustained by the evidence. *Layden v. New Era Corp.* (1990), Ind.App., 571 N.E.2d 547.

In its order on the motion for relief from the judgment, the trial court reviewed pertinent conclusions from its earlier order on summary judgment including the following:

" 'There is no evidence revealing either the Defendant Griffith or the Defendant Freels had any knowledge of any propensities of the bull for escaping from enclosures.'

\* \* \* \* \* \*

'An examination of the record and the Affidavits filed in support of the two (2) Motions for Summary Judgment reveals no evidence that the Defendant Freels had any knowledge that his fence was inadequate to confine the bull.' "

The court then noted that portions of Freels' deposition from the companion property damage proceeding, to which Winston was not a party, cast doubt upon the representations made by Freels in his affidavit in support of his motion for summary judgment. The deposition is the evidence which Winston alleged as newly discovered. In granting the T.R. 60 motion, the court found:

"6. The Court finds that the Defendant Freels first learned around noon on Sunday that the bull had escaped from the field in which it had been placed. This news told the Defendant Freels two (2) critical facts; 1) the bull has now first escaped from his pasture into a field surrounded by a fence that he described as having a 'junk fence' along one side; 2) that the bull therefore did have a propensity to escape since it had just exhibited that propensity to him through his wife's observations related to him by telephone. This information about the fact that the bull had first escaped and was in another field when the first escape was first detected was not information presented to this Court at the time the Motion for Summary Judgment was considered. The fact that the other field had one (1) side protected by 'junk fence'

was also a fact not presented to this Court. These facts raise genuine issues of material fact in regard to whether or not the Defendant Freels' conduct in not immediately going to contain the bull was that of a reasonably, prudent person under the same or similar circumstances."

The court noted Winston's grounds for the motion, newly discovered evidence and misrepresentation, and determined that the deposition constituted newly discovered evidence requiring relief from the summary judgment. The court observed that "insufficient facts" were available to determine "why the Plaintiff's counsel did not have the deposition or the information contained therein prior to responding to the Defendant Freels' Motion for Summary Judgment." Freels claims that under the appropriate standard, the court erred in granting the motion for relief because Winston did not demonstrate due diligence in attempting to discover Freels' deposition.

 A review of the granting or denying of a T.R. 60(B) motion is limited to a determination whether the trial court abused its discretion. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. A trial court abuses its discretion when its judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* A trial court must balance the alleged injustice suffered by the moving party against the interests of the party who prevailed and society's interest in the finality of judgments. *Id.*

 Relief from a judgment based upon newly discovered evidence requires a showing that the evidence is material, not merely cumulative or impeaching, not discoverable by due diligence and that it would reasonably and probably alter the result. *In re Will of Scheele* (1987), Ind. App., 517 N.E.2d 418, 424. Newly discovered evidence warrants relief from summary judgment only where it creates a genuine issue of material fact or where the moving party is no longer entitled to a judgment as matter of law. *Id.* Implicitly,

the court found all the factors requiring relief except due diligence.

Whether the absence of a showing of due diligence under the circumstances of this case constitutes reversible error is a question which need not be addressed. The court's judgment can be sustained on the basis of misrepresentation which does not require a showing of due diligence.

*See* IND. Trial Rule 60(B)(3); *but cf. McFarland; Lantz v. Phend & Brown, Inc. et al.* (1974), 161 Ind.App. 695, 317 N.E.2d 460, 462–63 (in affirming trial court's denial of relief, Court based its decision on finding that affiant's statements were not false; yet, in dicta Court also noted that the evidence disclosing possible misrepresentation was not "new" and had been available from beginning of case).

 The determination whether to grant a motion for relief from a final judgment based upon T.R. 60(B)(3), misrepresentation, is left to the sound discretion of the trial court. *McFarland, supra,* 317 N.E.2d at 462. The motion for relief must demonstrate that the affiant knew or should have known from the information available to him that the representation made in the affidavit was false. *Id.* Also, the representation must be made as to a material fact which would change the trial court's judgment. *Id.* Such is the case here.

 The judgment granting relief is replete with references to Freels' misrepresentation of the facts in his affidavit tendered with his motion for summary judgment. As noted by the court, Freels' affidavit refers only to the bull's initial escape from the well-maintained fenced pasture. The affidavit then describes Freels' daily search for the bull until the news of the collision. The affidavit does not state that Freels was informed that the bull escaped into a pasture with a "junk fence" from which the bull ultimately escaped, that once the bull escaped from the second pasture 17 hours elapsed prior to Freels' commencement of a search for the bull, or that Freels' spent only portions of some days searching for the bull rather than all day as implied in the affidavit.

The court determined that the deposition evidence created a genuine issue of material fact. Freels does not question the admissibility of the deposition in the present proceeding. Accordingly, the court's judgment granting relief is consistent with a finding that the affidavit misrepresented facts essential to the award of summary judgment.

■ Freels' final argument is not properly an issue on appeal. Freels contends that the summary judgment should have been sustained based upon a finding of intervening negligence by the State. In its ruling denying Freels' motion to correct errors, the trial court specifically stated that the issue of an intervening cause was not properly before the court and would remain a viable issue in the proceedings when properly briefed. This Court may not review issues which were not properly presented to or addressed by the trial court. *Cf. Thompson v. Daviess–Martin County REMC* (1985), Ind.App., 486 N.E.2d 1102, 1104–05.

There being no finding of reversible error, the trial court's judgment granting the T.R. 60(B) motion is affirmed.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.