**Harold L. IRA, Appellant–Defendant,**

v.

**Steven R. BROCK, Appellee–Plaintiff.**

**No. 36A01–9212–CV–403.**

Court of Appeals of Indiana, First District.

June 10, 1993.

---

(2) a person requesting access to a public record meets the person's burden of proof

under this subsection by proving that the denial of access is arbitrary and capricious.

Joseph Leon Payne, Austin, for appellant-defendant.

No appearance for appellee.

NAJAM, Judge.

### STATEMENT OF THE CASE

Harold Ira appeals from the trial court's order denying his motion to vacate a money judgment in a small claims action. The action arose from a stop payment order which Ira placed on a post-dated check he issued to Steven Brock for repairs which Brock had performed on Ira's automobile. We affirm.

### ISSUE

The sole issue presented is whether the trial court properly denied Ira's motion to vacate judgment based upon newly discovered evidence where the grounds for the motion were that Ira lacked the financial resources to complete discovery in preparation for trial.

## FACTS

In March of 1991, Ira took his automobile to Brock for repair work. Brock rebuilt the engine in Ira's automobile over the course of approximately three months. When the work was completed, Ira paid Brock $1,303.58 in cash and gave Brock a post-dated check ("Check") for the remaining balance of $300.00. Ira discovered problems with the automobile after taking delivery from Brock, and Ira stopped payment on the Check. Thus, Brock was unable to negotiate the Check to receive payment in full for his work.

Brock sued Ira in small claims court to recover the $300.00 from the Check. Ira counterclaimed for the approximately $1,300.00 he had previously paid to Brock. The small claims court found in Brock's favor and awarded him $300.00 plus costs on December 26, 1991. The court entered judgment against Ira on his counterclaim.

On March 12, 1992, Ira filed an Indiana Trial Rule 60(B)(2) motion to vacate judgment, citing newly discovered evidence. The trial court heard evidence on Ira's motion and denied it on August 6, 1992. Ira appeals.

## DISCUSSION AND DECISION

■ Initially, we note that Brock has failed to file an appellee's brief. Thus, we may reverse on a showing of *prima facie* error. *See Grammer v. Grammer* (1991), Ind.App., 566 N.E.2d 1080, 1082. The reason for the *prima facie* standard is to protect the appellate tribunal and relieve it from the burden of controverting the appellant's argument, a function properly resting with the appellee. *National Mutual Insurance Co. v. Eward* (1987), Ind.App., 517 N.E.2d 95, 103, n. 8. Notwithstanding this favorable standard of review, Ira fails to show error.

Ira claims that he was unable to discover evidence of Brock's poor workmanship in repairing the automobile until after trial. According to Ira, prior to trial he was financially unable to hire a competent mechanic to inspect the automobile to discover the defective work, and these facts are grounds for vacating the judgment under T.R. 60(B)(2). We disagree.

■ In reviewing the grant or denial of a T.R. 60(B) motion we are limited to a determination of whether the trial court abused its discretion. *Freels v. Winston* (1991), Ind.App., 579 N.E.2d 132, 135, *trans. denied.* A trial court abuses its discretion when its judgment is clearly against the logic and effect of the facts and inferences supporting the judgment or order. *Id.* A trial court must balance the alleged injustice suffered by the moving party against the interests of the party who prevailed and society's interest in the finality of judgments. *Id.* Relief from a judgment based upon newly discovered evidence requires that the evidence be material, not merely cumulative or impeaching, not discoverable by due diligence and that it would reasonably and probably alter the result. *Id.*

Here, Ira contends that the newly discovered evidence was not discoverable by due diligence because he could not afford to have his automobile inspected to discover the alleged defective workmanship. We have found no Indiana cases which have construed the phrase in T.R. 60(B)(2), "which by due diligence could not have been discovered," to include those circumstances where a party is financially unable to discover evidence for trial.[1]

We note that under the Small Claims Rules, the trial shall be informal and that the parties are not generally bound by rules of practice and procedure. Ind. Small Claims Rule 8 (Informality of Hearing). Still, each party bears the burden of proof on his claim or counterclaim and is responsible for bringing evidence to court sufficient to sustain his burden.

■ Here, Ira alleged that the engine in his automobile was not operating properly. Indeed, that was the basis for his counterclaim. The evidence was within his possession, and although he was unable to exploit it prior to trial for lack of funds, it could have been discovered. Thus, this

---

1. Further, we have found no cases from other jurisdictions addressing this precise issue.

was not "newly discovered evidence" as that term is used in T.R. 60(B)(2). The expense of litigation confronts all litigants, but unless otherwise provided by statute, rule, or agreement, each party bears his own expense. *Cf. Wernke v. Halas* (1992), Ind.App., 600 N.E.2d 117, 123 (regarding attorney's fees). While we are sympathetic to Ira's plight, we nevertheless find that it was his responsibility to prepare his case for trial with reasonable diligence, which includes the responsibility to incur the expense necessary to carry his burden of proof on the evidence.

We conclude that Ira's contentions fail to establish that the "new" evidence was not discoverable by due diligence merely because of his financial condition. *Cf. In re Will of Scheele* (1987), Ind.App., 517 N.E.2d 418, 424 (had due diligence been exercised, attorney could have discovered "new" evidence of stocks in his possession prior to trial). Therefore, the trial court did not abuse its discretion in denying Ira's motion to vacate judgment.

Affirmed.

BAKER and FRIEDLANDER, JJ., concur.